## FARM BUREAU MUT. AUTO. INS CO. v JOHNSON

Ohio Appeals, 2nd Dist, Miami Co

No. 270.   Decided May 18, 1931

Baird & Broomhall, Troy, for Farm Bureau Mut. Auto. Ins. Co.

A. W. DeWeese, Piqua, for Johnson.

KUNKLE, J.

Can plaintiff in error who received an assignment of the claim of Higgins main-

tain an action against Johnson in Miami County. Plaintiff in error claims to be subrogated to all the rights of Higgins by virtue of an assignment, a copy of which is attached to the petition. §6308 GC provides that:

"Actions and injuries to a person or property caused by the negligence of the owner or operator of a motor vehicle may be brought by the person injured against such owner or operator in the county wherein such injury occurred. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions notwithstanding other contrary provisions of law for the service of summons in civil actions."

This section confers the right only upon the person injured to bring such action in the county where the injury occurred. It does not confer the right upon the assignee of the claim of the injured person to bring such action within the county where the injury in question was inflicted. We do not think a reading of this statute would authorize this court to extend such right to an assignee of the injured person.

Counsel for plaintiff in error in their brief stress the decisions of our Supreme Court in the following cases, namely, **Wellston Iron & Furnace Company v Rhinehardt, 108 Oh St, 117** and **Klien, et al v Lust, et al 110 Oh St, 197.**

We are quite familiar with the facts in both of these cases as in both cases error was prosecuted to the Supreme Court from the judgment of the Court of Appeals of Franklin County. Counsel for plaintiff in error in their brief in referring to the case reported in **108 Oh St at page 117** state:

"That the Supreme Court reversed this Court of Appeals (Franklin County) upon the same action."

It is a matter of no consequence but purely as a history of the case, the Court of Appeals in that case reversed the judgment of the Court of Common Pleas and the Supreme Court affirmed the judgment of the Court of Appeals.

The case in the **108 Oh St at page 118** holds that:

"A cause of action for personal injury survives the death of the injured party and all the rights, privileges, incidents and options which the injured party may have had in his lifetime inure to the benefit of his personal representative or next of kin,

unless the statute clearly provides otherwise."

That is a case in which the personal representative of the injured person sought to recover damages for the wrongful death of his decedent, who was killed in an automobile accident.

We are in perfect accord with the decision of the Supreme Court in this case, in fact we so held when the case was in our court, but it will be noted that the second paragraph of the syllabus limits the cause of action for injuries to the personal representative or next kin of the injured party. We find nothing in this case which would justify the holding that the provisions of §6308 GC could be made to apply to the cause of action of an assignee of the injured party.

We find nothing in the case reported in the **110th Oh St at page 197** which would warrant us in holding that the provisions of §6308 GC enlarged the venue of the trial court so as to permit a suit by the assignee of an injured person in the county where the injury occurred.

Finding no error in the record prejudicial to plaintiff in error the judgment of the lower court will be affirmed.

ALLREAD, PJ and HORNBECK, J, concur.