**VAN SCODER, Admr v NOICE, Admr**

Ohio Appeals, 2nd Dist, Franklin Co

No 2156. Decided March 30, 1932

Naef & McIntosh and L. C. Bliss, Akron, for plaintiff in error.

Clark V. Campbell, Columbus, for defendant in error.

ALLREAD, J.

The plaintiff claims the right to bring the action in Franklin County by virtue of §6308, GC.

This Section is as follows:
"Actions for injury to a person or property caused by the negligence of the owner of a motor vehicle, may be brought by the person injured, against such owner or operator in the county wherein such injury occurs." (110 O.L., 407).

The section then provides for service on the defendant in a different county.

It is conceded that the person actually injured may bring the action in the county where the accident occurred, but it is claimed that where the person injured is dead and the action is brought by his administrator appointed in another county that such administrator can not bring the action in the county where the accident occurred.

Counsel for the defendant in error relies upon the case of D'Amico, Admr v Brill, Sr., 15 Oh Ap, 94 (1 Abs 395). This decision is as follows:

"An administrator of a deceased person, whose death was caused by being struck by a motor vehicle can not, by virtue of §6308, GC, maintain an action for such death in the county in which the deceased person

resided and require the defendant to answer to a summons transmitted to another county in which the defendant resides."

Since the time of this decision the Supreme Court in the case of **The Wellston Iron Furnace Company v Rinehart, Admr, 108 Oh St, 117,** decided that,

"All statutes relating to procedure are remedial in their nature and should be liberally construed and applied to effect their respective purpose. A cause of action for personal injury survives the death of the injured party, and all the rights, privileges, incidents and options which the injured party may have had in his lifetime inure to the benefit of his personal representatives, or next of kin, respectively unless the statute clearly provides otherwise."

In the Rinehart case it appears that Sarah Rinehart, the injured party, lived in Franklin County; was injured by a truck operated by the Wellston Iron Furnace Company; that she afterwards died as a result of injuries and that her administrator appointed in the Franklin County courts brought the action in Franklin County. A motion was filed for the purpose of quashing the service. The Court of Common Pleas sustained the motion, the Court of Appeals reversed, and the proceeding was brought in the Supreme Court to reverse the judgment of the Court of Appeals. It is true that the question there did not present the same question presented here, but we can not escape the conclusion that the plaintiff, who was a resident of Franklin County, and appointed in Franklin County for a resident of Franklin County, could only bring the action in Franklin County against the defendant, a non-resident, by virtue of §6308, **GC.**

In the Rinehart case the question of jurisdiction over the defendant was dependent upon a construction of §6308 **GC.** The court held that remedial statutes are liberally and not strictly construed. The decision of the learned court in the case of D'Amico, Admr v Brill can hardly be considered a liberal construction of the statute. We are clear that the subsequent decision of the Supreme Court in the Rinehart case adopting a liberal construction of the statute, substantially overrules the case of D'Amico, Admr v Brill, so that we are now upon the basis of a liberal construction of the remedial statute. The Wellston Iron & Furnace Company, not being a resident of Franklin County, could only be held to a suit filed in Franklin County upon the theory of §6308 GC, to-wit, that the plaintiff in the action was the injured person. The facts shown in the Rinehart case are that the woman who was struck by the truck died a short time thereafter, and that the action was brought by her administrator. The Supreme Court held that under a liberal construction of the statute the administrator was the representative of his decedent in said action and was entitled to bring and prosecute the suit in the county of his residence. The statute has however been amended so as to give jurisdiction where the accident occurred. The accident having occurred in Franklin County, the jurisdiction of an action for damages resulting therefrom is in Franklin County, and the case was properly brought in Franklin County. In this case both the administrator and the decedent were residents of Tuscarawas County, and the plaintiff had been appointed as administrator in that county; we think this makes no difference as the action could be brought in this county upon the theory that the accident occurred here. This is in compliance with the amended statute.

We are therefore of opinion that the suit in the present case was properly brought in Franklin County, and that the judgment of the Court of Common Pleas must be reversed and cause remanded.

HORNBECK and KUNKLE, JJ, concur.