## TRAVELERS' FIRE INS CO v MILLER et

Ohio Appeals, 2nd Dist, Darke Co

No 546. Decided June 24, 1938

Maher & Marchal, Greenville, for plaintiff.

Wilbur D. Spidel, Greenville, for D. H. Miller.

Gilbert & Miller, Troy, and Thurston Bittle, Eaton,, Jesse K. Brumbaugh, Greenville, for Edith Mae Burden.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Darke County, Ohio.

Plaintiffs claimed cause of action, as set out in the petition, alleges the following pertinent facts:

On or before the 30th day of May, 1937, David A. Meeker, of Miami County, Ohio, was the owner of a Buick sedan automobile, on which the plaintiff insurance company had issued its policy of insurance under which the company obligated itself to pay the said David A. Meeker for any damage occurring to said automobile by reason of any collision or damage of any nature.

On Monday, the 30th day of May, 1937, about the hour of 12:30 o'clock P. M., while the Buick sedan automobile was parked by its owner, David A. Meeker, in the ditch on the north side of State Route No. 36, in Darke County, Ohio, no part of said Buick auto being on the traveled portion of said highway, a collision occurred between an automobile driven by Dan H. Miller, of

Lynn, Randolph County Indiana, and another automobile driven by Edith Mae Burden, of New Paris, Preble County, Ohio, which came into collision through the carelessness and negligence of both defendants. Following said collision both automobiles slid over into the ditch, and the automobile operated by Edith Mae Burden struck and collided with the automobile of the said David A. Meeker, damaging said Meeker car in the sum of $412.64. The petition sets out in detail the items of injury and damage. On the 20th day of August, 1937, the plaintiff insurance company, in compliance with its contract obligation, paid to David A. Meeker the sum of $412.64, that being the amount of damages sustained. Following the payment of said damages and on the same date, the said David A. Meeker entered into a subrogation agreement with the plaintiff insurance company by which there was set over, transferred and assigned to the plaintiff all rights and claims against the defendants, Dan H. Miller and Edith Mae Burden.

The petition sets out in further detail the specifications of negligence against both defendants. The plaintiff insurance company seeks recovery against both defendants in the sum of $412.64 by reason of its claimed right of subrogation of the claim of David A. Meeker.

Praecipe for summons was duly filed and issued to the sheriff of Darke County, Ohio. The sheriff duly made return that the defendants Edith Mae Burden and Dan H. Miller were not found in his bailiwick.

Thereafter and on the second day two praecipes were issued, one for Edith Mae Burden to the sheriff of Preble County, Ohio, and the other for the defendant Dan H. Miller, of Lynn, Indiana. This praecipe to Dan H. Miller, omitting the formal heading, reads as follows:

"To the clerk:

"Issue summons and copy of petition in the above entitled cause to the sheriff of Darke County, Ohio, for defendant Dan H Miller, of Lynn, Indiana, who is a nonresident of the State of Ohio, through the Secretary of State of the State of Ohio, his agent, and by notice to him by registered mail returnable according to law. Indorse action for money and money damages in the sum of $412.64 and costs."

The summons to the sheriff of Preble County, Ohio, for Edith Mae Burden, was duly returned by the sheriff showing service on her by leaving a true and certified

copy with all endorsements thereon at her usual place of residence.

The summons issued for the defendant Dan H. Miller, of Lynn, Indiana, shows the following return:

"State of Ohio, Darke County.

"Received this writ October 18, 1937, at 11:00 o'clock A. M.

"AFFIDAVIT OF SERVICE

"State of Ohio, Franklin County, ss.

Jacob E. Sandusky, first being duly sworn, deposes and says that he has been duly authorized and deputized by the sheriff of Darke County, Ohio, to serve this writ, and that pursuant to his command, on the 21st day of October, 1937, he served the within named defendant, Dan H. Miller, by leaving a true and certified copy of this writ with all endorsements thereon, by serving William J. Kennedy, Secretary of State, as agent of Dan H. Miller.

(Signed) Jacob E. Sandusky,

(Notarial Seal) Sheriff of Franklin County, Ohio.

My commission expires April 1940."

SHERIFF'S RETURN

"Received this writ on the 18th day of October, A. D. 1937, and on the 20th day of October, A. D. 1937, I served the within Dan H. Miller, of Lynn, Indiana, by registered mail as shown by the attached receipt hereto attached.

"Linn Browne, Sheriff,

By H. D. Neimeyer, Deputy."

The registered mail return receipt purporting to be signed by S. H. Welch, as agent of Dan H. Miller, dated October 20, 1937, is attached to the sheriff's return.

On November 18, 1937, following, the defendant Edith Mae Burden, through her attorneys, without entering her appearance except for the purpose of motion, did file in the Court of Common Pleas of Darke County, Ohio, a motion for order to quash service of summons against her for the claimed reason that the court had no jurisdiction of the defendant.

On November 27, 1937, the defendant Dan H. Miller, through his attorneys, without entering his appearance except for the purpose of his motion, filed with the court, in writing, his motion to quash service of summons on him for the following reasons:

1. The venue statute bringing such actions as the instant one within the jurisdiction of this court, creates a special venue for the benefit of "the injured person" only;

2. The summons is neither issued nor returned as required by §6308-2 GC.

On November 27, 1937, an alias summons was issued to the sheriff of Darke County, Ohio, for the defendant, Dan H. Miller by authority of praecipe filed on the same day. The sheriff made return on December 8, 1937, as follows: "Return writ; no service for want of time."

On December 20, 1937, a second alias summons was issued to the sheriff of Darke County, Ohio, for the defendant Dan H. Miller under authority of praecipe filed December 8, 1937. The sheriff made return on December 22, 1937, as follows: "The within named Dan H. Miller not found in my bailiwick."

On January 10, 1938, a third alias summons was issued to the sheriff of Darke County, Ohio, for the defendant Dan H. Miller under authorit yof praecipe filed December 27, 1937. The sheriff's return filed January 10, 1938 is as follows: "The within named Dan H. Miller not found in my bailiwick."

On January 22, 1938, the trial court released its decision in writing sustaining the motion of both defendants to quash service of summons.

Having reached this conclusion on account of venue, the court did not pass on the second ground of motion of the defendant Dan H. Miller in effect that the summons was not issued or returned as required by §6308-2 GC.

The trial court also, on its own motion, ordered the petition dismissed. Final order was filed and journalized under date of February 18, 1938. The journal entry quashing service and ordering cause dismissed conformed to the court's written opinion. On the same day the plaintiff filed notice of appeal on questions of law.

Plaintiff-appellant in its assignment of errors presents three grounds as follows:

1. Sustaining of the motion of Dan H. Miller to quash service of summons upon him.

2. Sustaining of the motion of Edith Mae Burden to quash the service of summons upon her.

3. In dismissing the petition.

We now consider and determine the assignments of error in the order named.

1. **Was the court in error in sustaining the motion of Dan H. Miller to quash service of summons upon him?**

It was the view of the trial court that the case of **Mutual Insurance Company v Johnson** (Court of Appeals, Second Judicial District **10 Abs 625** was controlling and de-

terminative of both motions to quash. The syllabus in this cited case, which follows the announcement of the opinion, reads as follows:

"Sec 6308 GC is limited in application to the person injured by the negligence of the owner or operator of a motor vehicle, a motion to quash service of summons was properly sustained against the assignee of a person injured, which assignee brought action in the county where the injury occurred, instead of in the county where the defendant resided."

Sec 6308 GC is a venue statute and reads as follows:

"Sec 6308 GC. Jurisdiction in action for injury to person or property. Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions." (Emphasis ours).

It will be noted that by the express language of the above quoted section of the Code, the person injured is authorized to bring his action in the county where such injury occurs. In the instant case, as in the reported case, the action is not brought by the injured person but by the assignee or subrogee. We continue to adhere to the principle announced in the above cited case.

The Court of Appeals of the Fifth District in the case of Donnelly, appellant v Carpenter, executor, appellee, 55 Oh Ap 463, (24 Abs 366) had a somewhat similar question and it was therein held that §§6308-1 and 6308-5 GC, pertaining to service of process upon non-resident owners or operators of motor vehicles, being jurisdictional in character, must be strictly construed so as to authorize service upon "owners or operators" only. Service cannot be made thereunder upon a non-resident person representative of a deceased non-resident owner or operator.

Counsel for plaintiff urge that its action against the defendant Miller, a non-resident of the State of Ohio, was not brought under favor of §6308 GC, but under §11276 GC. This section reads as follows:

"Sec 11276 GC. Further provisions as to non-residents. An action other than one of those mentioned in §§11268, 11269, 11270 and 11271 GC against a non-resident of this state, or a foreign corporation, may be brought in any county in which there is property of or debts owing to the defendant, or where such defendant is found, or where the cause of action or some part thereof, arose." (Emphasis ours).

The action in the instant case is not one of those mentioned in §§11268 to 11271 GC, inclusive. The attempted action in the instant case was brought in the county where the cause of action arose. The defendant Miller, being a non-resident of the State of Ohio, it comes within the direct provisions of this section.

This section, §11276 GC is not in conflict with §6308 GC, and therefore it is not repealed by implication. §6308 GC by its express language refers to actions against a defendant or defendants residing in another county within the state of Ohio than the one in which the action is filed, while §11276 GC authorizes the action of a non-resident of the state in any county of the state where the cause of action or some part thereof arose. §6308 GC is complete within itself, and so far as we are able to see, needs no support from §§6308-1 or 6308-2 GC. Supplemental sections 1 and 2 are necessary adjuncts to §11276 GC. Without them §11276 GC would be of little if any force since in most instances the law would provide no means for service of process.

The scope and operating effect of these two sections (§§6308 and 11276 GC) are very ably explained by Judge Mauck, in the case of McKee v Liming, 30 Oh St 303. On page 204 of the opinion we find the following:

"If he is a non-resident of the state, §11276 GC, enlarges the opportunity to sue him by authorizing an action to be brought, not only in the county where he may be served, but also in the county where the cause of action arose, in all cases save those covered by §§11268 to 11271 GC. It will at once be seen that §6308 GC, had the purpose and effect of changing the law providing the place where actions could be brought so far as residents are concerned. It made it possible to bring an action for negligence against a resident au-

tomobile operator in the county where the cause of action arose. It did not undertake to change the law of venue of actions against non-residents, because the law was already broad enough to enable them to be sued in any county where the cause of action arose, whether for negligence in operating an automobile or for any other personal action, with the exceptions already referred to."

It is our conclusion that plaintiff might properly file an action against the defendant Miller, a non-resident of the █ state, under the authority of §§11276 and 6308 GC which applies only to defendants residing in the state, would not be applicable.

We are still confronted with the question as to whether or not the defendant Miller was served with process. The only authority for issuing process against a non-resident of the state, so far as we are able to find, is found in §§6308-1, 6308-2 GC.

Sec 6308-1 GC provides in substance that a non-resident of the state, being the owner or operator of a motor vehicle, who accepts the privilege extended by the laws of this state to non-resident owners and operators of a motor vehicle, etc., within the state of Ohio, shall by such acceptance or license make and constitute the Secretary of State of the State of Ohio, his, her or their agent for the service of process in civil suits or proceedings instituted with the courts of the state of Ohio against such operator or owner of such motor vehicle arising out of or by reason of any accident or collision occurring within the state in which such motor vehicle is involved.

Sec 6308-2 GC provides the manner and method of serving process. The section reads as follows:

"Sec 6308-2 GC. **Process served, how and by whom.** Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin County, who may be deputized for such purpose by the officer to whom the service is directed, upon the Secretary of State of the State of Ohio, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said Secretary of State, addressed to such defendant at his last known address. The registered

mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

Unfortunately, the sheriff's return does not disclose a compliance with §6308-2 GC. There is an irregularity in the summons, wherein it directs the sheriff of Darke County to deputize the sheriff of Franklin County to make service "upon the Secretary of State," and so forth. The section provides that the officer to whom the summons is issued shall make the service or he (the sheriff) may deputize the sheriff of Franklin County so to do. However, the return of the sheriff of Franklin County as endorsed on the back of the summons contains the sworn affidavit that he had been duly authorized and deputized by the sheriff of Darke County to serve the writ. If this was the only irregularity, we would accept the affidavit of the sheriff of Franklin County that he had been properly authorized and deputized by the sheriff of Darke County. This section also provides that the officer to whom the process is directed "shall send to the defendant a true and attested copy of such process by registered mail, postage prepaid, with the endorsement thereon of the service upon the said Secretary of State, addressed to such defendant at his last known address. The return of the sheriff of Darke County is as follows:

"Received this writ on the 18th day of October, A. D. 1937, and on the 20th day of October, A. D. 1937, served the within Dan H. Miller, of Lynn, Indiana, by registered mail, as shown by the attached receipt hereto attached."

(Signed) Linn Browne, Sheriff,
By H. D. Neimeyer, Deputy."

It does not appear that a true and attested copy sent by registered mail to the defendant, had endorsed thereon the service upon the Secretary of State of Ohio. In fact, it affirmatively appears that this is not a mere omission in making return, but such endorsement could not have been on the attested copy sent by registered mail, for the reason that the sheriff of Franklin County, in his sworn return stated that the service upon the Secretary of State was made on the 21st day of October, 1937, and the date of the jurat was October 26, 1937, whereas the return of the sheriff of Darke County as to service by registered mail, states that it was mailed on the 20th day of October, 1937.

The law is well defined that service of process is jurisdictional and the provisions of the statute as to manner ▮▮▮▮▮▮▮ and method must be followed strictly. Since this is not done, the defendant Miller is not in court.

We now consider assignment No. 2:

**"Did the court err in sustaining the motion of defendant Edith Mae Burden to quash service of summons on her?"**

Edith Mae Burden was not a resident of Darke County, and service of summons was not made upon her in that county. She is a resident of the State of Ohio, and hence does not come under the provisions of §11276 GC. Claim is made that the action against her was authorized by §6308 GC. This would be true if David A. Meeker, the person injured, was bringing ▮▮▮▮▮▮▮ ing the action. The right will not extend to the plaintiff as subrogee. We have already discussed this proposition and it will not be necessary to do so again.

If the other claimed joint tort feasor had been properly served with ▮▮▮▮▮▮▮ process then this defendant Edith Mae Burden would be held under another section. §11282 GC so holds.

**"Sec 11282 GC. When summons may issue to another county.** When the action is rightly brought in any county, according to the provisions of the next preceding chapter, a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request; but no maker or exceptor, or, if the bill is not accepted, no drawer or any instrument for the payment of money only, shall be held liable in an action thereon, except on a warrant of attorney, in any county other than the one in which he, or one of the joint makers, exceptors, or drawers, resides or is summoned."

The case of **Gorey v Black, 100 Oh St 73**, is directly in point and supports our position. The case may be read in its entirety with advantage.

Under the facts in the instant case, this defendant Edith Mae Burden cannot be held to respond to plaintiff's action except on the ground that the non-resident joint tort feasor has been properly served with process or is in court by waiver of process. The trial court was not in error in quashing the service of summons.

The third ground set forth in the assignment of errors is that the court erred in dismissing the petition.

It appears from the written opinion of the trial court and also from the journal entry that the action was dismissed by the court on its own motion. Entries of dismissal in cases of this kind usually contain the statement that counsel not desiring to plead further or not desiring to proceed further the action is dismissed. We can readily understand that under the theory of the trial court nothing further could be done by the plaintiff, and hence his order of dismissal on his own motion. An entirely different situation is presented through our conclusion that §6308 GC is not applicable to the defendant Miller, and further that plaintiff would have a right to present its action by virtue of §11276 GC. In fact it is our view that both defendants might be brought in to defend if properly served and in proper order. Counsel for plaintiff should have seen to it that before the motion was submitted that the service on the Secretary of State and the summons served by registered mail on the defendant Miller conformed to the statute.

However, it appearing that the court did not pass on this question of service and in the interest of justice we have concluded to remand the case to the Common Pleas Court so as to permit plaintiff to correct its service if it desires so to ▮▮▮▮▮▮ do. Of course if the service is not perfected then an entry of dismissal may be made in which the usual language will be adopted that plaintiff not desiring to proceed further the action will be dismissed.

In view of the fact that plaintiff did not promptly correct his service we think that the cost should be adjudged against it.

Entry may be drawn accordingly.

HORNBECK and GEIGER, JJ, concur.