**CARRIER v NEAL**

Ohio Appeals, 2nd Dist, Franklin Co

No 3139. Decided July 8, 1940

Nichols, Wood, Mark & Ginter, Cincinnati; Heilker & Heilker, Cincinnati, and Edwin T. Heilker, Columbus, for plaintiff-appellant.

Wilbur E. Benoy, Columbus, and Russell G. Saxby, Columbus, for defendant-appellee.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas, of Franklin County, Ohio.

The plaintiff, Carrier, was injured in an automobile accident which occurred

within the territorial limits of Franklin County, Ohio, and which involved a motor vehicle being operated by the plaintiff and a motor vehicle being operated by one Kelsey Neal, who died instantaneously. Neal was a resident of Mount Gilead, Morrow County, Ohio. Esther Neal was appointed administratrix of his estate by the Probate Court of Morrow County. Esther Neal was, is and has been, at all times of import hereto, a resident of Morrow County.

The plaintiff filed his petition in the Franklin County Common Pleas Court, seeking to recover damages for injuries to his person caused by the alleged negligence of Kelsey Neal, the owner and operator of the motor vehicle which caused said injuries.

Esther Neal, administratrix of the estate of Kelsey Neal, was named as defendant and the action was filed in Franklin County, being the county wherein the injury to plaintiff occurred.

Summons was duly issued out of the Franklin County Common Pleas Court to the sheriff of Morrow County and served on the defendant administratrix.

The defendant filed a motion to quash the service of summons.

After hearing, the trial court, on December 7th, 1939, by journalized entry, sustained the motion quashing the service and this terminated the action.

Within due time the plaintiff filed his notice of appeal thus lodging the case in this Court.

Plaintiff's claimed authorization for bringing the action in Franklin County, Ohio, is based on §6308 GC, which reads as follows:

"Jurisdiction in actions for injury to person or property.—Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions."

It is the claim of counsel for defendant, and concurred in by the trial court, that actions under §6308 GC may only be brought "against such owner or operator in the county wherein such injury occurs."

There is thus presented the single question, whether, under the above section, a plaintiff injured as a result of the operation of an automobile by one killed in the collision may sue the administrator of the deceased for personal injuries in the county wherein the collision took place, although neither the deceased nor the defendant reside or resided in that county.

It has been repeatedly held by our Court that §6308 GC, is a venue statute and, therefore, should be liberally construed to effect the purpose for which it was enacted.

The Supreme Court of Ohio in **Allen v Smith, 84 Oh St 283**, determined the section to be constitutional. Later, the Supreme Court again considered the section in the case of **Furnace Company v Rhinehart, 108 Oh St 117**, Syllabus 1, which reads as follows:

"1. All statutes relating to procedure are remedial in their nature and should be liberally construed and applied to effect their respective purposes."

Since the decision of the Supreme Court in the two cases above cited, the Legislature has amended the section so that it now reads that the action may be brought "in the county wherein such injury occurs", whereas, it previously read "in the county wherein such injured person resides".

It is our determination that the amendment will not, in any particular, alter the principle or the rule as above announced.

The Court of Appeals of this District in 1923 had under consideration and determined the identical question as pre-

sented in the instant case. We refer to the case of **Southern Savings Bank & Trust Company, Administrator v Taxis, 2 Abs 311** (Montgomery County).

The above case was brought, tried and determined before the amendment of §6308 GC, so that under its provisions, venue was at the place of residence of the plaintiff.

Plaintiff Taxis, who resided in Montgomery County, filed his action in the latter county against the administrator of the claimed negligent owner, who resided in and died in Hamilton County. The administrator was appointed in Hamilton County and had its situs therein.

Summons was issued in Montgomery County and served in Hamilton County. The defendant, by motion, objected to the jurisdiction over the person of defendant and later raised the same question by answer. The trial Court overruled the objections and retained the case for trial. The Court of Appeals in a per curiam opinion stated that the sole question presented was one of personal jurisdiction and then followed with the following determination:

"Under a liberal construction of §6308 GC, which gives jurisdiction over actions of this kind in the county where the plaintiff resides, we are of opinion that the objections to the jurisdiction over the defendant were properly overruled."

This pronouncement has not been reversed or modified by any Ohio Court and thus under the rule of stare decisis, it should be accepted as the law of this district, unless perchance, we feel called upon to reverse the holding.

Counsel for defendant-appellee argue that the rule has not been followed either by our Court or other Courts of Appeals within the State. We are unable to so conclude.

So far as we are able to find, the cited case from 2 Abs, supra, stands alone with identical facts to the instant case.

Counsel for defendant-appellee urged that the wording of §6308 GC does not confer a right of action against an administrator of the "owner or operator" and, hence, it is urged that to so construe the Section would be judicial legislation.

We find a line of cases in Ohio where the actions by administrators of the person injured have been sustained. In these cases it was urged that the statute limited the right of action to the person injured and that this language should not be construed to include administrators. The Courts of Ohio universally held against this contention.

The leading case is that of the **Wellston Iron Furnace Company v Rinehart, Administrator, 108 Oh St, p. 117,** Syllabus 2, which reads as follows:

"2. A cause of action for personal injury survives the death of the injured party, and all the rights, privileges, incidents and options which the injured party may have had in his lifetime inure to the benefit of his personal representatives or next of kin, respectively, unless the statutes clearly provide otherwise."

The opinion by Wanamaker, J., will be found interesting and elucidating. The above case was taken to the Supreme Court on appeal from the judgment of the Franklin County Court of Appeals. The judgment of the Court of Appeals was affirmed. The opinion of the latter Court will be found in **Vol. 32 O. C. A. 476.** The Court of Common Pleas had sustained a motion to quash service of summons upon the ground of improper venue.

Both reviewing courts agreed that the Common Pleas Court was in error.

In 1932 the Court of Appeals of this district again had under consideration §6308 as amended and the syllabus reads as follows:

"**Sec. 6308 GC,** permitting a person injured by an automobile to bring an action in the county where the accident occurred, also permits the administrator of a deceased person who died as a result of such injury to bring an

action in the county where the accident occurred."

**Van Scober, Admr. v Noice, Admr., 12 Abs. 327.**

Merely as a matter of historical judicial construction, of §6308 GC, we refer to the decision of the Court of Appeals of this district in a Miami County case decided May 18th, 1931, being **Farm Bureau Mutual Auto Insurance Company v Johnston, 10 Abs 625.**

In the above case it was held that §6308 would not inure to the benefit of the assignee of the person injured. In the opinion the Court quoted with approval its former opinions in the Wellston Iron Furnace Co. case later affirmed by the Supreme Court in 108 Oh St supra.

Our attention is called to another line of cases which counsel for appellee contend is applicable and determinative of the instant case.

With equal positiveness, counsel for appellant contend that they are easily distinguishable.

Under this class, the leading case is said to be **Donnelly, Appellant v Carpenter, Exr., Appellee, 55 Oh Ap 463.** The written opinion of the trial Court with which we are favored, in a large measure, bases his conclusions on the above Delaware County case decided in 1936.

By reason of this fact, we give the case our very careful consideration. **Sec. 6308 GC**, was in no sense involved although mentioned.

An automobile accident occurred in Delaware County between the automobiles of Wallace Donnelly, a resident of Ohio, and John C. Carpenter, a resident of the State of Illinois. As a result of the accident, John C. Carpenter died and administration of his estate was taken out by his widow in the State of Illinois. Donnelly brought action for damages in Delaware County, Ohio, and service of summons was issued and had under the nonresident motor vehicle act, §§6308-1 to 6308-5, inclusive GC. **Secs. 6308-1 and 6308-2 GC**, are particularly applicable.

In substance, it is provided under these sections that a nonresident of this State, being the operator or owner of a motor vehicle, who shall accept the privilege extended by the laws of this state to nonresident operators and owners of operating motor vehicles within the State of Ohio, shall make and constitute the secretary of state of the State of Ohio, his, her or their agent for the service of process in any civil suit or proceeding instituted in the Courts of the State of Ohio against such operator or owner arising out of, or by reason of, an accident or collision occurring within the State, in which such motor vehicle is involved.

Such persons shall be served by an officer to whom the summons shall be directed or by the sheriff of Franklin County, who may be deputized for such purpose, upon the secretary of the State of Ohio by leaving at the office of said secretary an attested copy thereof and by sending to the defendant by registered mail, postage prepaid, a like, true and attested copy, etc.

The syllabus in the case reads as follows:

"Secs. 6308-1 to 6308-5 GC, pertaining to service of process upon nonresident owners or operators of motor vehicles, being jurisdictional in character, must be strictly construed so as to authorize service upon "owners or operators". Service can not be made thereunder upon a nonresident personal representative of the deceased nonresident owner or operator."

It is at once apparent that the sections under consideration in the cited case were jurisdictional in character and hence, required a strict construction. Sherick, J., delivering the opinion on page 465, points out the distinction between these sections and §6308. Also, on page 467, it is pointed out that the theory, upon which substitution of service on the Secretary of State is held to be within due process, is that of implied agency, and the observation is made that death ordinarily terminates agency unless it be coupled with an interest.

We are also referred to the case of **Travelers Fire Insurance Company v**

Miller (Darke County), 27 Abs 406. There is nothing in this case bearing on the issues in the instant case. The facts presented in the cited case show an attempted action against a nonresident of the state joined as defendant with a resident of the state. There is also the factual question that the action was brought by an assignee or a subrogee of the person injured and hence the principle announced in the case of **The Mutual Insurance Company v Johnston, 10 Abs 625,** supra, was controlling.

We are also referred to the case of **Sprague v French, 24 Abs 543,** decided in 1937 by this Court. This case presented an entirely different proposition and is not germane to the issues in the instant case.

We are also referred to the State ex rel Ledim, et v Davison (Wis.) 256 N. W. page 718. This case involved an accident between a resident of the State of Wisconsin and a resident of the City of Chicago, Illinois. The defendant was deceased and service of summons was attempted to be had upon the administrator residing in and appointed by the Probate Court in the State of Illinois. The State of Wisconsin had a statute very similar to ours authorizing substituted service. The syllabus of the case bears a very close resemblance to that of the Court of Appeals in the case of **Donnelly v Carpenter, Exr., 55 Oh Ap 463.** In the opinion on page 720, Nelson, J., speaking for the Court, uses language which is very general in its character and leads to the conclusion that the Court was determining that service could not be made on an executor, administrator or personal representative. Under the rule of strict construction which was essential under the facts of the Wisconsin case, we have no quarrel with the opinion when limited to the facts under consideration.

It is a well recognized rule that all opinions must be read in the light of the facts being considered.

We are constrained to ▮▮▮▮▮ ▮ the view that the trial Court was in error in sustaining the motion to quash.

A second question is presented by counsel for appellants through a supplemental brief. This question was not presented to or considered by the trial court. It is urged that the defendant-appellee, in moving for an order setting aside the service, by reason of the language of such motion, entered a general appearance.

Defendant's motion reads as follows:

"Now comes the defendant Esther Neal, as administratrix of the estate of Kelsey Neal, deceased, not entering appearance herein, but specifically appearing to object and except to the jurisdiction of this Court and appearing solely for this purpose and not otherwise, and moves the Court for an order setting aside the service of summons and the return thereof, for the reason that this Court is without jurisdiction of the cause of action 'attempted to be set forth in the petition.' "

The Supreme Court, in the case of **Klein v Lust, 110 Oh St 197,** in the 4th syllabus, makes the following pronouncement:

"4. Where a cause is pending before a justice of the peace having jurisdiction of the subject matter of such cause, and a motion is made by the attorney employed by the defendant for a dismissal of such cause, 'for the reason that the court in which the action was filed has no jurisdiction of the subject matter involved', such motion amounts to a waiver of irregularities in the service of summons, and enters a general appearance of the person of the defendant in the action."

In the opinion of the Court, it is stated that the summons was defective but since the question was not properly raised, the motion to dismiss, upon grounds other than the Court's jurisdiction over the person, enters a general appearance.

Also see **Handy v Insurance Company, 37 Oh St 366, 369, 370.** In this case, defendant filed a motion to dismiss for the reason that the Court had no jurisdiction of the case, it appear-

ing from the petition on file that the defendant is a foreign insurance company and that no part of the alleged cause of action arose in this state. It was held, under the second syllabus "that the filing of such motion was a voluntary appearance in the action and a waiver of any defect in the service of the summons."

Elliott v Lawhead, 43 Oh St 171, 176, 177, Syllabus 5:

"5. The appearance of defendant in Court for the sole purpose of objecting, by motion, to the jurisdiction over his person, is not an appearance in the action, but where such motion also asks to have the cause dismissed on the ground that the Court has no jurisdiction over the subject matter of the action, which motion is not well founded, it is a voluntary appearance, which is equivalent to service of summons."

The State ex rel Bennett v Industrial Commission of Ohio, 50 Oh Ap 269, 1st syllabus:

"1. Motion to quash service of summons based, in part, upon the contention that the Court has no jurisdiction of the subject matter of the action, operates as a general entry of appearance."

Counsel for the appellee argue that the above cited cases are not applicable for the reason that in each of the cases, motions were filed to dismiss, while, in the instant case, the motion was to quash service of summons. This observation does not hold true as to the case of the State ex rel Bennett v Industrial Commission of Ohio, supra. In the latter case the motion was presented as a motion to quash.

Contra the argument of counsel for appellant, counsel for appellee cite and comment on the following cases:

Adams v Trepanier Lumber Co., 117 Oh St 298.
Provision Company v Gauder, 130 Oh St 43, 48.

The Virginian Joint Stock Land Bank v Kepner, et, 54 Oh Ap 352.
Smith v Hoover, 39 Oh St 249.

We are unable to conclude that any of the above four cases distinguish between the motion to dismiss and the motion to quash.

We think it would be proper to state that regardless of what designation movant characterizes his motion, it will be given a designation according to its language.

In the case of Adams v Trepanier Lumber Company, 117 Oh St, supra, the motion was filed in the Justice Court to dissolve an attachment, which motion was sustained; thereafter the Justice proceeded to try the case on the merits upon the theory that his jurisdiction was co-extensive with the county where the summons was served accompanied with an order to attach property.

The reviewing Court, of course, held that this theory of the Justice of the Peace was erroneous. The claim was then made that the motion made to dissolve the attachment constituted a general appearance. The Supreme Court held against this contention, and in the syllabus stated that where the appearance was solely for the purpose of objecting to the jurisdiction of the Court over his person, the same does not constitute an entry of appearance for hearing upon the merits.

In the case of Canton Provision Company v Gauder, a minor, 130 Oh St supra, the language of the motion to quash service set out in detail the reasons. Williams, J., rendering the decision of the Court on page 48, makes the following observation:

"This recital was but one way of saying that the Court did not have jurisdiction over the person."

In the case of The Virginian Joint Stock Land Bank v Kepner et, 54 Oh Ap 352, it is stated in the syllabus that the test in determining whether a general appearance has been made is governed by the nature of the relief asked. If such relief is inconsistent with want

38

of jurisdiction, a general appearance is thereby effected, but if consistent with want of jurisdiction, no such appearance results.

In the case of **Smith v Hoover, 39 Oh St 249**, no question was or possibly could be raised as to the motion being an objection to the jurisdiction of the Court over his person, and hence, lends little aid to the question presented in the instant case, except as the opinion, reviews and comments on the general principles.

Now, coming to consider the motion in the instant case in the light of the authorities, we are constrained to the view that we can not read into the motion that defendant was seeking to quash service on the ground that the Court did not have jurisdiction of the person. We must accept the reason recited in the motion: "for the reason that this Court is without jurisdiction of the cause of action attempted to be set forth in the petition." We, therefore, hold that defendant by reason of the language of his motion to quash service, entered a general appearance.

The judgment of the trial Court will be reversed and cause remanded for further proceedings according to law.

HORNBECK, PJ., concurs.
GEIGER, J., concurs in judgment.