**HARPER et, Plaintiffs, v. LYNCH, Defendant.**

Common Pleas Court, Summit County.

No. 215574. Decided March 12, 1959.

Vernon Weygandt, for plaintiffs.
Frank P. Kauffman, for defendant.

## OPINION

By WATTERS, J.

The plaintiff, Harper, was injured personally and his car was damaged as claimed due to the negligence of the defendant, Lynch, operating his or her car here in Summit County.

The defendant is a non-resident of the State and service was had on her or him through the Secretary of State of Ohio under §2703.20 R. C. (old §§6308-1 and 6308-2 GC), in behalf of both plaintiffs.

The plaintiff, Harper, had a collision insurance contract with The New York Underwriters Insurance Company, the other plaintiff, which was a $75.00 deductible policy.

The insurance company paid him $338.90, the plaintiff, Harper, standing the first $75.00 of damage to his car, the insurance company becoming the assignee and subrogee of the $338.90 which it paid Harper.

The insurance company is a party plaintiff as subrogee for said amount paid, while the plaintiff, Harper, sues for $10,000.00 to cover his personal injuries and the first $75.00 damage to his car.

The defendant seeks to have the service quashed, claiming that there is no authority giving to an assignee or subrogee of a property damage claim (or an insurance company, assignee or subrogee) the right to sue a defendant by getting service under §2703.20 R. C. or under the venue statute, §4515.01 R. C., by bringing the action "in the county in which such injury occurred."

Sec. 4515.01 R. C., is in substance as follows:

"Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought by the person injured against such owner or operator in the county in which such injury occurred - - - - -."

Defendant claims that the action of such a subrogee or assignee comes under §2307.39 R. C., which provides:

"All actions other than those mentioned - - - - - must be brought in the county in which a defendant resides or may be summoned - - - - -."

But see also §2307.38 R. C.

27 Abs 406, Travelers Insurance Company v. Miller, etc., Syllabus (1) (Darke County Court of Appeals):

"An action may be filed by an assignee or subrogee of a person whose car was damaged in an automobile accident against a non-resident of the state in the county where the cause of action arose under the authority of §11276 GC (§2307.38 R. C.), and §6308 GC, which refers to defendant's residing in the state, is inapplicable." (Emphasis by this court.)

It is obvious that the court is saying the action may be filed by the insurance company under present §2307.38 R. C., without regard to present §4515.01 R. C., which does not apply at all to non-residents, but only residents of Ohio.

(Note: To make the syllabus above read correctly, there should be a comma after "§11276 GC.")

The court also said that if the statute for substitute service §6308-1

and §6308-2 GC (now §2703.20 R. C.), had been complied with fully, the non-resident defendant, Miller, was before the court.

In **62 Oh Ap 133, Mercer Casualty Company v. Perlman**, cited by the defendant's counsel, was not a subrogation case in the sense of the case at bar. The court held the insurance company having paid under the accident policy to the estate of the insured child in a school bus accident was not subrogated to any rights at all. It was not an indemnity policy at all.

The court said the action did not fall at all under the substituted service statute, §§6308-1 and 6308-2 GC, because the company had no right of subrogation at all.

The court differentiated its case from **27 Abs 406 (Supra)**. See discussion starting at about the middle of **page 138 of 62 Oh Ap 133**.

In **99 Oh Ap 389, Insurance Company v. Cox**, the court holds: When the insurance company which has paid the insured only a part of the loss under a collision contract, joins with the insured as a party plaintiff to protect its right of subrogation, the insured seeking to recover his loss is the real party in interest.

In other words, the plaintiff, Harper, had the right to bring this action as the real party in interest.

And had the insurance carrier of Harper not been made a party plaintiff, the defendant could have compelled the appearance of the insurance company in the case in order to have all the issues fully determined in this action, by reason of the insurance company's right of subrogation.

See **142 Oh St 132, Mutual Insurance v. Gross**:

"(1) In an action by the assignee of a part of a tort claim against a tort feasor, the latter can have the assignor of the claim (here the real party in interest, Harper) made a party to the action."

(See discussion against splitting cause of action on page 134, paragraph 1.)

Now we have **167 Oh St 221, Rush v. Maple Heights**, which held as follows:

"Where a person suffers both personal injury and property damage as a result of the same wrongful act, only a single cause of action arises, the different injuries occasioned thereby being separate items of damage from such act."

**(Paragraph [4] of the syllabus of Vasu v. Kohlers, Inc., 145 Oh St 321, is overruled.)**

Since the injured party, Harper, has the right to bring this case in the County, Summit, Ohio, where the cause of action arose, and also has the right to summon the defendant, as a non-resident, through the Secretary of State, the forum for the claimed wrong has been chosen.

The insurance company, through its right of subrogation, is in the same position as the plaintiff, Harper, the real party in interest, and said cause of action cannot be split.

There is only one cause of action, and it cannot be split. The Supreme Court has made its decision, and only by setting it aside can it change the result of its decision.

The decision changed a rule of long standing as set forth in **145 Oh St 321, supra,** in **paragraph (4)** of said decision. And now the Supreme Court has changed its mind.

In the interest of cutting out a multiplicity of suits, the rule should be as announced here.

The motion to quash is overruled. To rule otherwise would be splitting hairs and cause unnecessary litigation and confusion.

A journal entry will be so drawn, with exceptions to the defendant.