## THORNBERRY v FREUDIGER et

Ohio Appeals, 7th Dist, Monroe Co

No 295. Decided Nov 10, 1937

Matz & Matz, Woodsfield, for plaintiff-appellee.

Moore & Moore, Woodsfield, for defendant-appellant.

## OPINION

By CARTER, J.

This cause is before this court on appeal on questions of law. The appeal is being prosecuted by Lida Bachman only.

Samuel Freudiger, a resident of Monroe County, died on or about the 11th day of July, 1908, possessed of some 400 acres of real estate. No administration was had upon his estate immediately following his decease. However, on the 29th day of July, 1936, an application for letters of administration was filed in the Probate Court of Monroe County, and in this application Jane Freudiger Thornberry, widow of the deceased Samuel Freudiger, states that Samuel Freudiger left surviving him Jane Freudiger, his surviving spouse of the age of 43 years; and as next of kin, Edward Freudiger, a son and Louisiana Riley, a daughter now deceased; leaving the following heirs, Charles Riley, grandson; Glenn Riley, grandson; Mabel Riley, granddaughter; and Wanda Riley, granddaughter, the last three named being minors; that the estate consisted of no personal property but real estate of the probable value of $4000.00; and that there is not to her knowledge any last will and testament of the intestate.

Due notice of this application was given by publication as provided by law, and notice of the time of hearing thereof was fixed by the court.

The court on hearing found that an ad-

ministratrix should be appointed, and Jane Freudiger Thornberry was appointed administratrix, bond given, and thereupon letters of administration were issued to her.

Due notice of the appointment was given, and thereupon an inventory and appraisement was made in accordance with law, in which the appraisers fixed the value of the real estate at $3000.00, this being the total appraisement of all the assets.

Under property exempt from administration, we find the following entered in the inventory—by the appraisers

"Said decedent leaving a surviving spouse, property previously listed under Schedule "A" is not deemed assets, or to be administered as such. Money $500.00. Also widow's allowance of $500."

It is urged that the Probate Court had no jurisdiction after 28 years following the time of the death of the decedent to appoint an administratrix to administer his estate.

Sec 10509-13 GC, provided:

"Administration shall not be originally granted as of right after the expiration of twenty years from the death of the testator or intestate. But, within his county, each probate judge may grant letters of original administration upon the estate of a person deceased, after the expiration of twenty years, upon petition of the next of kin or other person or persons interested, or their agent, and on good cause shown therefor. Before allowing the prayer of such petition, such judge may direct notice thereof to be given, by publication, for a period not exceeding thirty days, in one or more of the newspapers printed in the county where it is filed."

This statute was followed in this case. The claim of the appellant in this regard is not tenable.

Upon the filing of the inventory and appraisement notice of such filing was given in a newspaper of general circulation in the county.

On hearing thereof the court found that due notice had been given of the filing of the inventory and appraisement, that no exceptions had been filed thereto and, thereupon, allowed and confirmed the same.

The administratrix, thereupon, petitioned the court for allowance of claims consisting of funeral expenses, hospital bills, monument, cemetery lot, doctor bills, merchandise and medicines in the amount of $656.00.

Notice was given of this application to the interested parties, hearing had, and the court found that the above claims aggregating $656.00 were just and valid claims against the estate and allowed same.

Thereupon there being no personal property to pay the above obligations, the administratrix proceeded to file in the Probate Court her certain petition to sell the real estate of the deceased to pay same.

Service was had upon the interested parties, either actual or constructive—, of the filing of the petition to sell the real estate.

At this point in the proceedings Lida Bachman, who is the only appellant in this case, first appeared, and moved the court to permit her to intervene and file an answer in the case and stated that she had an interest in the real estate described in plaintiff's petition.

This motion to intervene was allowed by the Probate Court. Thereupon, the intervenor filed her answer to the petition to sell the real estate in question, and by way of answer alleged that Samuel Freudiger is deceased; that he was a resident of Monroe County; that he died seized of the real estate described in the petition; then denies each and every allegation therein contained, not admitted. And as a second defense she denies that Jane Freudiger Thornberry is the duly appointed, qualified and acting administratrix of the estate of Samuel Freudiger, deceased, late of this county, for the reason that the Probate Court had no jurisdiction, and specifically denies that there are any valid debts against decedent's estate, and for further answer denies each and every other allegation therein contained not admitted. For a third defense she says that if there were any debts against the estate of Samuel Freudiger, the same have been paid by someone other than the personal representative of the estate of Samuel Freudiger, deceased; that the statute of limitations has run against the party paying such debts, and claims that whatever the same might be, by reason thereof, they are barred from recovering same from the estate.

To this answer a reply was filed setting up the defense of "res adjudicata".

The Probate Court proceeded to make disposition of the matters and things set up in the intervenor's answer and the reply of the plaintiff, and found that the statements in the first defense, admitting the residence and death of Samuel Freudiger and that the decedent died seized of

the real estate described in the petition are true, and that each and every other defense interposed is not true, and the answer held for naught.

Thereupon the widow, by way of answer, claimed dower in the real estate sought to be sold, and prayed that the real estate be sold free from her dower and the value of such dower be allowed her in money out of the proceeds of sale of the real estate.

A guardian ad litem was appointed by the court for the minor heirs, and an answer filed by the guardian which is in the usual form of answers by such guardians.

The issues thus joined, the cause came on for hearing in the Probate Court, the court dispensed with a new appraisement and bond, and thereupon made a finding to the effect that Jane Freudiger Thornberry, is entitled to the just and reasonable value of her dower in the premises described in the petition and found that the prayer of the petition should be granted, and ordered the administratrix to proceed to sell the real estate for cash and to make return thereof of such sale.

Thereupon, Lida Bachman gave notice of appeal to the Court of Common Pleas, the appeal bond fixed at $500.00; bond given, and approved, and thereupon the cause came on appeal to the Court of Common Pleas.

In the Common Pleas Court Lida Bachman filed an amended answer in which, in addition to the defenses asserted in the answer in the Probate Court, she further alleges as a fourth defense that Samuel Freudiger died leaving Louisiana Riley and Charles Edward Freudiger, his sole heirs at law, and that on the 30th day of March, 1916 Louisiana Riley deeded to Charles E. Freudiger, her one-half interest in and to the first four tracts described in plaintiff's petition, and that by reason of such deed Charles E. Freudiger became the owner of the first four tracts subject to whatever right the widow, Jane Freudiger Thornberry might have in the premises.

That on November 12, 1923, she and Charles E. Freudiger were united in marriage, and at the time of said marriage Charles E. Freudiger was the owner of the premises.

That on the 15th day of June, 1933, Charles E. Freudiger filed a petition in divorce against defendant, Lydia M. Freudiger, and the cause came on for hearing on the 26th day of November, 1935, at which time Charles E. Freudiger was granted a divorce from the defendant, and at that time a property settlement was made between Charles E.

Freudiger and this answering defendant and an entry put on in accordance therewith. Judgment was granted in favor of this answering defendant against Charles E. Freudiger in the sum of $2000.00, which judgment was made a lien upon the real estate described in plaintiff's petition.

In pursuance thereto, an alias execution was issued on the 16th day of July, 1936, to the sheriff of Monroe County, Ohio, and the sheriff did, on the 16th day of July, 1936, levy upon the lands and tenements of Charles E. Freudiger, being the premises described in the petition of plaintiff, and on the 22nd day of August, 1936, at 10 A. M. the sheriff sold the same at public auction to this answering defendant for the sum of $1400.00, being 2/3 of the appraised value thereof.

She then prays that plaintiff's petition may be dismissed and held for naught; that she be permitted to go hence without day and for such other orders and relief as the court might deem her justly entitled.

It is urged that this case may be determined by this court upon the pleadings which were filed in this case by reason of the fact that no reply was filed to the amended answer filed in the cause in the Court of Common Pleas. No where in the record in the Court of Common Pleas do we find a motion made for judgment on the pleadings by reason of the fact that no reply was filed. There was a reply filed in the hearing in the Probate Court.

Assuming that new matter was set up in the answer of the appellant in the Common Pleas Court, which we deem unnecessary to determine, no motion was made in that court for judgment on the pleadings.

In 31 **Ohio Jurisprudence, at page 790,** the author states:

"In the absence of a reply to new matter set up in the answer, the court may, on proper motion, give judgment for the defendant on the pleadings, although if the cause is tried without objection as though such allegations had been denied, and each party introduces evidence, it is too late to raise an objection grounded on the absence of a reply, the want thereof being deemed waived."

We believe this disposes of █ this question.

Upon the issues thus joined in the Common Pleas Court the cause came on for hearing and the court made the following finding:—

1st. That the interest of the defendant,

Charles E. Freudiger, and the other defendants in the premises described in the petition, was inferior to the rights of Jane Freudiger Thornberry, as administratrix of the estate of Samuel Freudiger, deceased. And that said administratrix has the right to sell said described premises, free and clear of the rights and interests of said Charles E. Freudiger and other defendants, to pay the debts and costs of administration of the estate of Samuel Freudiger, deceased, as prayed in plaintiff's petition.

That the defendant, Lida Bachman, by virtue of her judgment which she obtained against her co-defendant, Charles E. Freudiger, and upon which judgment execution was caused to be issued for the defendant, Lida Bachman, and levied on the property claimed by her co-defendant, Charles E. Freudiger, and described in the petition of Jane Freudiger Thornberry, obtained no rights or liens against the property owned by her co-defendant, Charles E. Freudiger, superior to the rights of the plaintiff as administratrix and found that the alleged lien attempted to be obtained against the property of Charles E. Freudiger, in the real estate described in plaintiff's petition is inferior and subject to the rights of the plaintiff, Jane Freudiger, as administratrix of the estate of Samuel Freudiger, deceased; and that the plaintiff as such administratrix has the right to sell the premises owned by Charles E. Freudiger for the purpose of paying the debts and costs of administration of the estate of Samuel Freudiger, deceased, free and clear of any claims or liens on behalf of defendant, Lida Bachman, against the same.

The court further found from the evidence that all necessary parties are before it and that the prayer of the petition should be granted; that Jane Freudiger Thornberry surviving spouse of Samuel Freudiger, is entitled to the just and reasonable value of her dower in the real estate described in the petition, and that a further appraisement is dispensed with.

An additional bond was given for $6000.00, which was approved by the Probate Court. The court then ordered that Jane Freudiger Thornberry as such administratrix, proceed to advertise and sell at public auction the real estate described in the petition; that it be sold for not less than 2/3 of the appraised value and that it be for cash; and the court further ordered * * * that the answer and amended answer of Lida Bachman be dismissed at the costs of the defendant, Lida Bachman, and that the administratrix recover from such defendant

her costs herein expended and that the cause be remanded to the Probate Court of Monroe County to carry the decree into execution. Appeal bond fixed at $500.00.

Motion for a new trial was filed in the Common Pleas Court overruled, and appeal upon questions of law is prosecuted to this court to reverse this finding and judgment.

It might be well at this point to indicate in this opinion the position of the appellant, Lida Bachman.

The decedent left surviving him his widow, the plaintiff in this case; Charles E. Freudiger, a son; and Louisiana Riley, a daughter, now deceased.

In 1916, the daughter and son apparently made an amicable division of the property in question, in which mutual quit claim deeds were executed and delivered. Subsequent to the amicable partition in 1916, Charles E. Freudiger and Lydia M. Freudiger were married. Some time later Charles E. Freudiger brought an action in divorce against Lydia M. Freudiger and such proceedings were had thereunder. That Charles E. Freudiger was granted a decree of divorce from Lydia M. Freudiger and the defendant restored to her maiden name of Lida Bachman.

The court also made numerous other findings and decrees, among these findings being the following: That Charles E. Freudiger owed the defendant, Lydia M. Freudiger, $2000.00, and judgment was rendered thereon in her favor against Charles E. Freudiger, and this judgment was made a lien on all the property of Charles E. Freudiger.

An execution was issued on the judgment and on the 16th day of July, 1936, alias execution was issued and levy made on the real estate of Charles E. Freudiger, being the real estate inherited from his father and the real estate which was deeded to him in the amicable partition in 1916; such proceedings were had under the execution that the real estate was sold by the sheriff, to Lida Bachman, who was the highest and best bidder. This sale has not as yet been confirmed by the court.

This brief resume indicates the interest which Lida Bachman claimed in the real estate, upon which she had a judgment lien by virtue of the divorce proceedings to which reference is above made, and it is the claim of the appellant, Lida Bachman, that, under the conditions and circumstances as above indicated, the Probate Court had no power or jurisdiction to appoint an administratrix of the estate of Samuel Freudiger, and that none of the

claims are valid claims for which a sale of the real estate of Samuel Freudiger can be made to satisfy same. That the Probate Court was in error in making such orders and decrees and that the Common Pleas Court was also in error in its finding to the same effect.

As to the claim that the Probate Court and the Court of Common Pleas had no jurisdiction to entertain the case, §10510-2, GC, provides:

"As soon as executor or administrator ascertain that the personal property in his hands is insufficient to pay all the debts of the deceased, together with the allowance to the widow and children for twelve months, and the costs of administering the estate, he shall commence a civil action in the Probate Court or the Court of Common Pleas for authority to sell the decedent's real estate." (114 V. 451, Eff. Jan. 1, 1932).

This statute clearly gives the Probate or the Common Pleas Court jurisdiction to entertain such a petition upon a showing that the personal property was insufficient to pay the debts of decedent together with other items therein enumerated.

It is, therefore, clear that the Probate Court had jurisdiction in all proceedings hereinbefore referred to, including the proceedings to sell the real estate in question to pay at least some of the enumerated obligations.

No distribution has been ordered, and we do not have that matter before us, and we are not called upon to determine whether each and all of the obligations claimed are such obligations that would give the administratrix the right at this time to sell the real estate in question to pay same. However, unquestionably, there are some enumerated obligations that do not require a sale of the real estate to satisfy such as year's allowance for the widow which was fixed by the appraisers at $500.00 and certain property of decedent's estate not included in the schedule of assets which the appraisers in the case at bar fixed at $500.00. These are in no way debts of the decedent but obligations created by law and became such following the death of Samuel Freudiger.

Now it is urged that the provisions of §10509-159, GC, the forerunner of this section being §10774-1, GC, precludes the administratrix from selling the real estate in question and that the real estate of decedent is no longer liable therefor.

Sec 10509-159, GC, provides:

"No real estate of a deceased person which shall have been aliened or encumbered by the decedent's heirs prior to the issuing of letters testamentary or of administration, shall be liable while in the hands of a bona fide purchaser for value or to the prejudice of a bona fide lessee or incumbrancer for value for debts of the deceased person unless letters testamentary or of administration be granted within four years from the date of a deceased person which shall have been aliened or encumbered by the decedent's heirs or devisees after the issue of letters testamentary or of administration, shall be liable while in the hands of a bona fide purchaser for value or to the prejudice of a bona fide lessee or encumbrancer for value for debts of a deceased person unless suit be brought to subject such real estate to the payment of such debts prior to the settlement of the executor's or administrator's final account or what purports to be his final account; provided, that if such final account is not filed and settled within four years after the granting of letters testamentary or of administration, but excluding for the purposes hereof the time that any action is pending against the executors or administrators for the establishment of collection or any claim against the deceased person, such real estate so aliened as aforesaid, shall not be liable for the debts of the deceased person unless suit be brought to subject such real estate thereto within such four year period, but the heir or devisee aliening such real estate shall be liable for the value thereof, with legal interest from the time of the alienation to the creditors of the deceased person, in the manner and within the limitations provided for by law; and provided further, that this section shall not be construed to enlarge or extend the right of the creditors of any deceased person against his real estate, nor to repeal by limitations contained in other sections of the General Code, nor to apply mortgages or liens of record at the time of the death of such deceased person."

It will be observed that this section provides, in part, that no real estate of a deceased person which shall have been aliened or encumbered by the decedent's heirs prior to the issuing of letters testamentary or of administration shall be liable while in the hands of a bona fide purchaser for value, or to the prejudice of a bona fide lessee or encumbrancer for value for debts of the deceased person unless letters testament-

ary or of administration be granted within four years from the date of the death of such deceased person.

This section refers to debts of the decedent and not debts or obligations created by law.

As above indicated, some of these obligations at least were not obligations of the deceased, the obligations created by law such as year's allowance, and moneys set off to the widow, in the place and stead of personal property. The above quoted section has no reference to obligations other than debts of the deceased.

Deibel's Ohio Probate Practice, 2nd Edition, page 958, commenting on the section, makes the following statement:

"The forbidable aspect of this section should cause no alarm. Its purpose is merely to protect innocent purchasers of land from heirs as against creditors of the heirs' progenitor. It has a laudible purpose and inspires diligence on the part of creditors. It had been held that there was no limitation upon the rights of creditors of a decedent even where the heirs had partitioned the land and had sold to innocent purchasers." **Faren v Robinson, 17 Oh St 243.**

We, therefore, hold that this section is no bar to a proceeding to sell real estate to pay obligations of the estate, otherwise than the obligations of the progenitor and is a limitation in this respect only.

The Court of Common Pleas was not in error in holding such statute was no bar in this case.

Now it is urged that the statute of limitations applies to all these claims. The Court of Appeals of this District in the case of **Walters, Admr. v Heidy, 1 Oh Ap 66,** held:

"W agreed with H. that if he would render her certain services she would, in compensation for such services, make a will giving him all the property she owned at her death. W. died intestate. Held:
1. H. can maintain an action to recover the value of the services so rendered.
2. The statute of limitations begins to run against such action at the appointment of an administrator to W.'s estate."

In the case of **Hoyles v Riddle, 74 Oh St 173,** the syllabus is as follows:

"The statute of limitations (§§4976 and 4981 Revised Statutes) does not begin to run against a debt based upon a contract not in writing which becomes due by reason of the decease of the debtor, until the appointment of an administrator or executor on the estate of such debtor, and due notice thereof."

This was also a case that arose in this district.

We believe the reasoning of the court in that case is applicable to the case at bar.

We find no statute of limitations, neither has any been cited to this court, applicable to settlement of estates of deceased persons except §10509-159 GC.

The Court of Common Pleas was not in error in ordering the real estate sold.

There is another matter which we deem necessary to mention.

There is no dispute but that Lida Bachman had a valid judgment and lien on the real estate deeded to Charles E. Freudiger in the amicable partition.

The Court of Common Pleas dismissed her answer and amended answer.

In her amended answer she set up her judgment lien on the property belonging to Charles E. Freudiger and the proceedings thereunder by virtue of the alias execution issued, and prayed that plaintiff's petition be dismissed and for such other orders and relief as the court may deem equitable.

We think that this answer setting up this judgment and lien should not have been dismissed. She has undoubtedly a valid judgment and lien upon the Charles E. Freudiger property, which, of course, is subject to the sale by the administratrix of the real estate in question. After the proper obligations have been satisfied, under the sale by the administratrix then, in that event, the balance remaining, if any, out of the sale of this particular real estate should be ordered paid to her under this judgment lien.

The fact that the property was sold to her by the sheriff under this execution, which has not yet been confirmed, in no way precludes the administratrix from selling same as a part of the real estate belonging to Samuel Freudiger, deceased, to pay the proper obligations of the estate.

This court under its constitutional and statutory authority has the right to affirm, reverse or modify judgments of lower courts, and in conformity with this authority, the finding and judgment of the Court of Common Pleas is modified to the extent here-

inbefore indicated, and affirmed as modified.

NICHOLS, J, concurs.