**DAVIS, Plaintiff-Appellant v MONTEI et, Defendants-Appellees.**

Ohio Appeals, 2nd District, Franklin County.

No. 3454. Decided September 24th, 1942.

148

Coyle & Coyle, Columbus; Russ Bothwell, Columbus, for plaintiff-appellant.

E. W. Dillon, Columbus, for defendant-appellee, Nancy Casto.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff's cause of action was predicated upon an alleged automobile collision wherein a car owned by plaintiff and driven by his minor son, was damaged through the claimed negligence of defendants. The petition also claimed damages for medical services and medicines furnished the son and to be furnshed later.

Plaintiff's petition, among other things, alleged that the defendant Louis L. Montei was the father of Thomas Montei, the latter being a minor fifteen years of age; that the defendant Nancy Casto was a minor sixteen years of age; and the defendant, Herbert Bangert, a minor sixteen years of age.

The petition further alleges that on April 25, 1941, at about 11:30 P. M., defendants were operating a Buick automobile in a westerly direction on said highway and negligently operated the

said Buick so as to cause it to crash into plaintiff's Chevrolet. The petition then sets out four specific specifications of negligence, which are as follows in substance:

1. Defendants then and there steered the said Buick automobile onto the south side of the said highway and proceeded westwardly into and against plaintiff's Chevrolet, although the north side was clear and open to traffic.

2. Defendants failed and neglected to keep their Buick under control.

3. Defendants were then and there operating their Buick at a speed of 60 miles per hour.

4. Defendant Louis L. Montei was the owner of said Buick and entrusted same to the other defendants for said minors to operate, knowing that said minors were inexperienced in the operation of said Buick and unable to control same and were likely to fail to keep said car under control and were likely to operate the same at a speed of 60 miles per hour.

The petition further alleges that defendants' negligence was the proximate cause of the accident and resultant injuries.

Defendants interposed motions on behalf of each of the defendants, and all identical in language. The motions in substance ask that specifications of negligence 1, 2, 3 and 4 be stricken. As an alternative it was requested that if either of the above requests be overruled then an order requiring plaintiff to make the petition more definite and certain by stating (a) which defendant plaintiff claims had actual physical control of the Buick automobile; (b) the relationship claimed by plaintiff to exist between each defendant; (c) if it is claimed that a joint enterprise existed, by stating the facts to show such joint enterprise.

The trial court sustained defendants' motions, and plaintiff was ordered to amend the petition. Counsel for plaintiff declined to make the amendment ordered by the court, and thereupon the court dismissed plaintiff's petition without prejudice. This is the final order from which plaintiff gives notice of appeal.

The sole and only question for our determination is whether or not the court was in error in dismissing plaintiff's petition for failure to amend, as the trial court had previously decreed.

Apparently the trial court was of the opinion that the petition was defective wherein it charged all defendants with negligence in the operation of the Buick car. A pertinent part of the journal entry reads as follows:

"The court finds that said motion is well taken in that: but one person can operate a car, and that in the defendant's car were minors and in order to hold the occupants of the defendant's car liable with the operator it would be necessary to show a common enterprise or agency."

We are inclined to think that it is incorrect to say that only one person can operate a car. We can agree that this would be the correct method of operation, but it is physically possible for more than one to participate in the operation. · For obvious reasons we refrain from giving examples of how two, three or four persons might all be actually participating in the physical operation of the automobile. These very acts of multiple participation would probably be negligence within themselves. The detail of alleging which one performed the various acts which constituted the operation, would be evidential. We will venture the guess that plaintiff would probably find it impossible to produce the evidence supporting his allegations of multiple operation, but as a matter of pleading we do not think it defective, particularly when we find that such a situation is possible.

· Counsel for defendant in his brief makes the claim that in order to constitute a joint liability it would be necessary to allege and prove a joint enterprise. In his brief he makes the broad statement that the rule is so well recognized that no citation of authorities is necessary.

In a cursory, independent examination we are led to the conclusion that there is very serious doubt as to whether or not the facts of a joint enterprise are required to be pleaded, where there is the allegation of joint operation. We do find that there is an abundance of authority upon the proposition that the trial court should not charge on the question of joint enterprise unless properly in the case through evidence.

We are not basing our conclusions on the theory of joint enterprise.

In 1938 our Court had in a Montgomery County case under consideration the legal effect of a party's refusal to amend his pleadings as ordered. At that time we were inclined to the view that the trial court as a disciplinary measure had the right to dismiss for failure to amend as ordered   The Supreme Court reversed our holding in the case of **Grim, et al. v Modest, et al., 135 Oh St 275.** This case is authority for the principle that such dismissal was a final order and on appeal a reviewing court will pass on and determine the correctness of the order made.

Three decisions of the Supreme Court, all found in **Vol. 136 Oh St,** are very enlightening on the question of joining defendants. The case discussing this question most fully is that of **Wery. Appellee v Seff, et al., Appellants, 136 Oh St 307.** This case involved a situation where a minor son was operating an automobile owned by the father, and the claimed negligence, among others, was the violation of a city ordinance prohibiting minors of the age of the minor defendant from operating such car. The defendant father was not in the car at the time of the alleged negligent operation. However, it was charged that he permitted the son to operate in violation of

the city ordinance. The father and son were sued jointly, and the court held properly so. Syllabus 5 reads as follows:

"5. When two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action."

This question is referred to by Judge Zimmerman in his opinion at the top of page 311.

The other two cases, not so directly in point but in some measure, are **Losito v Kruse, Jr., 136 Oh St 183**, and **Herron v City of Youngstown, 136 Oh St 190**.

Counsel for defendant-appellee argue that an allegation of facts in more detail would at once disclose that some of the defendants at least were in no sense guilty of any negligence and that they should not be put to the bother of being continued in the litigation. This is true of any defendant when improperly sued, but the courts have found no means of avoiding plaintiff's filing unfounded actions, except through judgments and the penalty of costs.

We are constrained to the view that the trial court was in error in dismissing plaintiff's petition. It is highly probable that plaintiff would have difficulty in presenting proof. If and when that time comes, the Court can dismiss as to other defendants against whom no evidence is presented, or require an election if a state of facts is such that joint action may not be prosecuted.

The cause is remanded with instructions to reinstate the case and permit the filing of further pleadings within rule.

Costs in this Court will be adjudged against the defendants.

GEIGER PJ., HORNBECK, J., concur.