### DE MARCO, Plaintiff-Appellee, v. LUCAS et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22149.    Decided May 28, 1951.

Ralph E. Johnson, for plaintiff-appellee.
Frank G. Mercer, Cleveland, for defendants-appellants.

## OPINION

By SKEEL, PJ.

This appeal comes to this Court on questions of law from

a judgment of the Municipal Court of Cleveland in favor of the plaintiff.

The plaintiff's action was based on negligence. The plaintiff's automobile was struck and damaged to the extent of $638.19 by a truck being driven by Roy H. Lucas. The truck belonged to this appellant, Arthur Fleming. The plaintiff joined Lucas and Fleming as defendants, alleging that at the time of the accident, the said defendants were engaged in a joint adventure or enterprise.

The case was tried upon a stipulation of facts, it being agreed that the collision took place as set forth in plaintiff's petition and that the damages were $639.19, $50.00 of which represents the damage of the plaintiff, DeMarco, and the balance to the defendant, The Automobile Insurance Company, insurer of the DeMarco automobile.

The stipulations of fact further provide in part:

"7. It is agreed that on or about the 2nd day of January, 1946, defendant, Roy H. Lucas and defendant, Arthur Fleming, d. b. a. Magic Cleaners and Decorators, entered into an agreement, in writing, as follows:

"Magic Cleaners & Decorators, hereinafter called contractor, and Roy Lucas, hereinafter called sub-contractor, do contract as follows:

"1. Contractor agrees to secure general cleaning, decorating and repair work as a general contractor.

"2. Sub-contractor agrees to perform that part of the contract assigned to the sub-contractor.

"3. Contractor agrees to pay to sub-contractor 40% of the contract price for the work accomplished.

"4. The contracting parties are not employer and employee and nothing herein shall be construed as creating such relationship between the contractor and sub-contractor. The sub-contractor may adopt such arrangements as he desires with regard to the details of the work, the personnel of his workers and the hours during which the work is performed. Provided, however, that the work shall be done by the sub-contractor in such manner as will be consistent with the achievement of the result contracted for at the time herein agreed upon. * * *

"8. It is agreed that defendant Lucas, acted pursuant to the terms of the said Contractor for not more than thirty days during the entire calendar year of 1948 and that no withholding tax was deducted from compensation paid by defendant, Fleming, to defendant, Lucas, nor were any sums deducted from such compensation for Social Security Tax."

It was further stipulated that on May 3, 1948, Lucas called at the place of business of Fleming, looking for work and was

advised that there was work on East 147 Street but unless Lucas could furnish the transportation to get the materials to the job, it could not be done because Fleming had no way of furnishing such transportation. It was thereafter agreed that the defendant, Lucas, could borrow a truck belonging to Fleming that was not then in use for this one particular purpose only and that the collision took place while Lucas was going to the job.

It was further agreed "that the defendants were operating between themselves under the contract as set up in paragraph 7, that defendant Lucas had no financial or other interest in the Magic Cleaners and Decorators, and that neither of the defendants had any control over the other in the performance of any contracts for work as obtained by defendant Fleming."

Upon the above facts the court entered a judgment against both defendants.

The defendant claims the following errors:

1. The judgment is manifestly against the weight of the evidence.

2. The judgment is contrary to law.

3. There is no evidence upon which to base a judgment for plaintiff appellee against the defendant, Arthur Fleming, appellant.

Inasmuch as there are no questions of fact in dispute our only question is as to whether or not the plaintiff, from the undisputed evidence, has made out or established that at the time of the accident in which plaintiff's automobile was damaged, through the negligence of Lucas, Lucas was then engaged and acting in furtherance of a joint adventure with this appellant.

A joint adventure has not been clearly defined in the few cases that have dealt with the question. Generally, it is said to be established when two or more persons join their efforts, that is, their money, property, services or time, in seeking to accomplish a single purpose to their mutual benefit without creating a partnership. One of the indispensable elements of such a relationship is the right of joint proprietorship or control. In American Jurisprudence, Vol. 30, Parag. 11, Page 682, dealing with the subject of Joint Adventures, the author says:

"A joint proprietary interest and a right of mutual control over the subject matter of the enterprise or over the property engaged therein is essential to a joint adventure. Particularly is this true with respect to negligence cases in which the element of joint adventure is present; in that class of cases,

unless each has some voice and right to be heard in the control or management of the enterprise, a joint enterprise is not deemed to exist."

Also, in 38 American Jurisprudence, Page 924, Sec. 237, we find the following:

"Parties cannot be said to be engaged in a joint enterprise within the meaning of the law of negligence, unless there is a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control or management. No legal distinction exists between the phrases 'joint enterprise' and 'the prosecution of a common purpose.'"

Also, in the case of Darman v. Zelch, 186 A. 21, 110 A. L. R. 826 paragraph 3 of the headnotes provides:

"3. To constitute a joint enterprise there must be a community of interest between the parties in the purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other in connection therewith."

The contract between Lucas and Fleming provides that Lucas should have full control of the work sublet to him.

It must be further observed that by the agreement there is no community of interest between the parties in the complete enterprise. Lucas agreed to do the labor for forty percent of the contract price. Whatever financial gain or loss incurred in that part of the work was his responsibility alone and by the terms of his contract he could neither benefit nor could he suffer a loss from the whole undertaking. The contract therefore did not constitute a joint enterprise or adventure.

Our attention is called to the case of **Bennett v. Refining Co. 144 Oh St 139**, wherein the supreme court in the third paragraph of the syllabus said:

"3. A joint adventure is a special combination of natural or artifical persons who, without creating a partnership combine their money, property or time, or all of them, in the conduct of some particular line of trade or some particular business deal for profit."

This case is to be distinguished in that in the instant case, by the express provisions of the contract, the parties did not "combine their money, property or time, or all of them in the conduct of * * *" the business contemplated by such contract.

For the foregoing reasons, the judgment of the trial court

is reversed and final judgment is entered for defendant, Arthur Fleming.

Exceptions noted. Order see journal.

HURD, J, THOMPSON, J, concur.