**TIPTON, Plaintiff, v. FLEET MAINTENANCE COMPANY et, Defendants.**

Common Pleas Court, Fayette County.

No. 22245. Decided February 20, 1957.

Landis, Ferguson, Bieser & Greer, David H. Bailie, Dayton, for plaintiff.

Pickrel, Schaeffer & Ebeling, William H. Selva, Dayton, for defendants, Fleet Maintenance Co., Sears, Roebuck & Co., and Louis Decker.

**OPINION**

By CASE, J.

Plaintiff's petition was filed herein on December 18, 1956; and, on January 24, 1957, certain of the defendants filed a motion to quash service which reads as follows:

"Come now the defendants, Fleet Maintenance Company, Sears, Roebuck & Company, and Louis Decker, not entering their appearance herein, or intending to enter their appearance herein, and appearing solely for the purpose of this motion, and for no other purpose, and without submitting themselves to the jurisdiction of this Court, move the Court to set aside the summons issued herein against them, the service thereof made upon them and the return of the Sheriff thereon for the reason that the purported service of summons made upon these

defendants is invalid and the Court does not have jurisdiction of the person of the defendants."

Defendants' memorandum in support of said motion reads as follows:

"This Honorable Court will observe that each of the defendants, Fleet Maintenance Company, Sears, Roebuck & Company and Louis Decker are non-residents of the State of Ohio, and service upon these defendants has been attempted under §2703.20 R. C.

"This Section provides in part:

"'And by sending to the defendant, by registered mail, postage prepaid, a like, true and attested copy, with an endorsement thereon of the service upon said Secretary of State.'

"We attach the original summons served upon Louis Decker; the original summons served upon Fleet Maintenance Company and the original summons served upon Sears, Roebuck & Company.

"Sec. 6308-2 GC, §2703.20 R. C., prescribes a definite method of service and procedure, construction of which by the Court is unnecessary, it being required only that the plain language of the statute be given such purport and intent as appears upon its face. Corbitt v. Stolwein, 2 O. O. 259, and, as the provisions of the statute have not been followed, service upon these defendants is improper and this motion should be sustained."

On February 5, 1957, plaintiff filed a memorandum in opposition to said motion which reads as follows:

"Now comes the plaintiff and moves the Court to overrule Motion of defendants to quash service of summons on the ground that although the summons sent to the various defendants in this case did not show a return of service on the Secretary of State, that in fact the Secretary of State was served with a summons by the Sheriff of Franklin County, Ohio, according to law, and that the Sheriff's Office of Fayette County, Ohio, failed to note that fact on the summons sent to the various defendants."

And attached to plaintiff's memorandum there appears an affidavit the pertinent part of which reads:

"Dorothy L. West, being first duly cautioned and sworn, deposes and says that she is the Clerk of Common Pleas Court of Fayette County, Ohio, and that she has in her office the original return in Case No. 22245 showing service upon the Secretary of State of Ohio by the Sheriff of Franklin County."

The sole question raised by the within motion to quash service is whether failure to show, in the summons served upon a nonresident defendant, an endorsement thereon of the service upon the secretary of state is fatal to the obtaining of jurisdiction over the defendant.

By their motion to quash service, these defendants contend that by such failure the service of summons made upon them is invalid and the court does not have jurisdiction of the person of the defendants.

In support of their contention said defendants cite Corbitt v. Stolwein, 17 FS 760, 2 O. O. 259; and at page 260 (2 O. O.), paragraph 3 of the headnotes, it reads as follows:

"Where service of summons upon a nonresident has not been ob-

tained in the manner prescribed by statute, a motion to quash will be sustained."

It is also noted that the court of Appeals for Darke County, in the case of **Travelers Fire Insurance Co. v. Miller, 27 Abs 406,** in **paragraph 2** of the headnotes thereto, said court held:

"The failure to have on the attested copy of process sent by registered mail to a nonresident defendant involved in an accident in Ohio the indorsement of service upon the Secretary of State as required by §6308-2 GC, is fatal to the obtaining of jurisdiction over the defendant."

And, at page 411 thereof, Judge Barnes stated in part as follows:

"The law is well defined that service of process is jurisdictional and the provisions of the statute as to manner and method must be followed strictly. * * *"

Since the Court of Appeals for Darke County is also the Court of Appeals for Fayette County, this court is compelled to conclude that the rule of law so pronounced by the aforesaid decision is controlling and should be followed by this Court in ruling upon the within motion to quash service.

Upon due consideration of the facts and the law, as hereinabove set forth and discussed, it is the considered opinion of this Court that defendants' aforesaid motion to quash service is well made and should be sustained.

Counsel for said defendants should prepare an appropriate entry in accordance herewith, noting exceptions on behalf of plaintiff, and submit same to plaintiff's counsel and to this Court for approval by, on or before March 1, 1957.