SHARKEY, Plaintiff, v. LATHRAM et, Defendants.
MONARCH FIRE INSURANCE COMPANY, Plaintiff, v. LATHRAM et, Defendants.

Common Pleas Court, Clinton County.

Nos. 18500, 18501 and 18502.   Decided February 26, 1959.

Reeves & Herron, Columbus, for plaintiff in each case.
Ely, White & Davidson, Batavia, for defendants in each case.

## OPINION

By SWAIM, J.

This matter is heard upon Motion of defendants to require plaintiff in each case to make the petition definite and certain, as will be hereinafter discussed.

These three cases arise out of an alleged motor vehicle accident on U. S. Highway No. 22, about 4.8 miles east of Wilmington, Clinton County, Ohio, in September, 1957.   In Case No. 18,500, John P. Sharkey asks for judgment for damages for personal injuries to himself and for recovery of moneys expended for medical services to himself and to his wife. In Case No. 18,501, Helene Sharkey asks for judgment for damages for personal injuries to herself, a passenger in motor vehicle.   In Case No. 18,502, The Monarch Fire Insurance Company, asks for judgment for damages to motor vehicle owned by The Standard Oil Company, by way of subrogation under an insurance policy, for moneys paid.   Each petition alleges a left turn in front of a car being driven in the same direction, by said John P. Sharkey, with an alleged resulting collision, and alleged resulting personal injuries and property damage.

Each petition contains the same allegations as to facts and alleged negligence:

"Further, that at said time and place, the defendants were operating a truck—"

"—as the motor vehicle—approached the truck operated by the defendants—sounded his horn and started to pass defendants' truck on the left"

"—when the motor vehicle—was passing the defendant's truck that the defendants caused their truck to turn left without warning directly in front of the vehicle—causing the two vehicles to collide—"

"—in the operation of their truck, the defendants were negligent—

"1. In operating their truck—

"2. In causing their motor vehicle—

"3. —

"4. In causing their motor vehicle—"

"—that as the sole, direct and proximate cause of the above described negligence of the defendants and the resulting collision—"

"plaintiff prays for judgment against the defendants—"

To each of the three petitions, the defendants, by counsel, have filed an identical motion:

"—to require the Plaintiff to make—Petition definite and certain by stating who was actually driving the truck mentioned— and what connection the Defendants, and each of them, had with the actual driving and operation of said truck."

To this Motion, with supporting memo, without authorities, the plaintiff in each case filed an identical contra. memorandum, with four citations, noted below, stating:

"The plaintiff contends that such motion is not in order and that during the trial, a motion to elect may be in order. However, as the petition now stands, plaintiff has pleaded a joint venture."

These four citations (with further comment by the Court), are:

**Wery v. Seff, 136 Oh St 307, 25 N. E. 2d 692** (decided in 1940).

**Davis v. Montei, 38 Abs 147, 49 N. E. 2d 584** (decided by Franklin County Court of Appeals in 1942, Franklin County then being in the Second Appellate District).

Hardware Mutual Insurance Company v. McGinnis, 119 N. E. 2d 698 (decided by Court of Common Pleas of Fayette County, Ohio, in 1954, at which time Fayette County and Franklin County were both in the Second Appellate District).

**Tipton v. Fleet Maintenance Company, 75 Abs 204 and 516, 142 N. E. 2d 882** (decided by Court of Common Pleas of Fayette County, Ohio, in 1957, at which time Fayette County was in the Second Appellate District and Franklin County was in the Tenth Appellate District).

There are certain fundamental rules as to pleadings which are well set out in 31 O. Jur. 602, et seq.:

It is incumbent on the plaintiff, in drawing his petition, to set forth the facts essential to his cause of action positively and with precision, definiteness and certainty.—Allegations which are indefinite, vague and loosely drawn are objectionable, being open to attack by a motion to make definite and certain, as they lead to uncertainty, confusion, evasiveness and inconsistency.

In examining any cited Supreme Court case, it must be constantly born in mind the rule as to the facts and the syllabus, which is well stated in 14 O. Jur. 2d, 683:

The syllabus states the law with reference to the facts upon which it is predicated, and will not be regarded as controlling in another case in which the controlling facts are totally different, even though the legal questions involved are identical. —The rules stated in a Supreme Court syllabus must be interpreted with reference to the facts of the case, and the questions presented and considered by the Court, and canot be construed as being any broader than the facts of the case warrant.

In the cited case of Wery v. Seff, supra, the petition, as set forth in the facts of the case, stated:

"—petition against Harry H. Seff and Robert E. Seff, a minor, designated as father and son, to recover damages—Such injuries are alleged to have occurred—when plaintiff's wife—was run into by Robert Seff, aged fifteen, while in the process of negotiating a left-hand turn in an automobile owned but not then occupied by his father.

"The negligence charged against the older Seff was that he allowed his minor son to operate the automobile contrary to the provisions of— Ordinances of the City of Akron, making it unlawful—for the owner of any motor vehicle to permit a person under the age of sixteen years to drive such vehicle—and in failing and neglecting to have some mature person of good judgment ride in the automobile with the boy.

"The negligence charge against the younger Seff was that he violated—the Ordinances—in the manner of making the left-hand turn— that he failed to keep a lookout and to control the speed and direction of the automobile—that he failed to give any warning of his intention to make the turn; and that he drove the automobile in a way to endanger —life and limb—" - - -

"Such negligence on the part of the two Seffs was stated to have been the proximate cause of the injuries, and the city ordinances—were set out fully in the petition."

The trial court sustained demurrer on grounds of misjoinder of parties and of causes of action, and dismissed the petition; this judgment was reversed by the Court of Appeals, which remanded the same for further proceedings. The case was certified to the Supreme Court, as in conflict, and the Supreme Court of Ohio sustained the Court of Appeals and affirmed its judgment.

The Supreme Court, in paragraphs 4 and 5 of the syllabus, in this case, says:

"4. In the event of injury to a third person under such circumstances" (referring to the facts and law set out in paragraphs 2 and 3), "liability of the parent and child is not only primary, but joint and several, and both may be joined as parties defendant in an action for damages on account of the injury. 5. When two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action."

In the opinion, Judge Zimmerman, says:

"There can be no doubt that the petition contains sufficient allegations to state a cause of action against Harry H. Seff.—Neither can there be any doubt that actionable negligence was charged against Robert E. Seff.—In the present case, no primary and secondary liability is involved. Under the averments of the petition, father and son are primarily liable, because the alleged injuries were attributable to their coexisting and combined negligence; the wrongful conduct of the one coupled with that of the other brought about the result complained of. Consequently, they are properly joinable in one action.—In actions to recover damages for personal injuries predicated on the negligent operation of an automobile wrongfully entrusted to an incompetent driver, the propriety of joining owner and driver as parties defendant seems to be accepted as a matter of course."

Counsel for each plaintiff herein, after citing this case, argue as follows:

"—one of the defendants who was the owner was not in the car, and under a petition charging the defendants with joint operation, as in our case, the Court followed the theory of plaintiff, as pleaded herein, and stated that this was a pleading of joint negligence."

It will be seen at once that this case, Wery v. Seff, supra, is not one of **Joint Adventure** or **Joint Venture,** which plaintiffs' counsel claims is the basis of these three cases, the Supreme Court itself refers to this case as **concurrent negligence.** However, even if plaintiffs were claiming on basis of concurrent negligence of defendants herein, it will at once be seen that Wery v. Seff, supra, is not authority for the style of pleading used in these three cases, but is an authority for a petition that is positive, precise, definite and certain, which is not true of these three petitions.

Without going into complete definition of Joint Adventure or Joint Venture, the attention of counsel for plaintiffs is called to the definition in **31 O. Jur. 2d 318,** as to the same, which definition is taken from a case hereinafter mentioned.

Let us then consider **Davis v. Montei, supra, 38 Abs 147,** 49 N. E. 2d 584, cited by counsel for plaintiffs, and that opinion states;

"Plaintiff's cause of action was predicated upon an alleged automobile collision wherein a car owned by plaintiff and driven by his minor son was damaged through the claimed negligence of defendants. —Petition—alleged that the defendant Louis L. Montei was the father of Thomas Montei,—a minor fifteen years of age; that the defendant Nancy Casto—a minor sixteen years of age, and the defendant Thomas Bangert, a minor sixteen years of age. The petition alleges that—defendants were operating a Buick automobile—and negligently operated said Buick.—The petition then sets out four specific specifications of negligence, which are as follows, in substance:

"1. Defendants then and there steered the said automobile—

"2. Defendants then and there neglected to keep their Buick under control.

"3. Defendants then and there operated their Buick—

"4. Defendant Louis L. Montei was the owner of said Buick and entrusted the same to the other defendants for said minors to operate knowing that said minors were inexperienced in the operation of said Buick—

"The petition further alleges that defendants' negligence was the proximate cause of the accident and resultant injuries."

"Defendants interposed motions—in substance ask that the specification of negligence 1, 2, 3 and 4 be stricken. As an alternative—if either of the above requests be overruled, then an order requiring plaintiff to make the petition more definite and certain by stating (a) which defendant, plaintiff claims had actual physical control of the Buick automobile; (b) the relationship claimed by plaintiff to exist between each defendant; (c) if it is claimed that a joint enterprise existed, by stating the facts to show such joint enterprise. The trial court sustained defendants' motions, and plaintiff was ordered to amend the petition. Counsel for plaintiff declined to make the amendment ordered by the Court, and thereupon the court dismissed plaintiff's petition without prejudice. This is the final order from which plaintiff gives notice of appeal."

The Court of Appeals further said:

"The sole and only question for our determination is whether or not the court was in error in dismissing plaintiff's petition for failure to amend, as the trial court had previously decreed."

The writer of opinion cites Wery v. Seff, supra, quoting paragraph 5 of the syllabus, and also mentions, immediately after the same, a reference in opinion in that case concerning joint and several liability, but in this Court's opinion, failed to consider the statements as to the pleadings in Wery v. Seff, supra, which are definite and certain, and quite different from the petition in Davis v. Montei, supra, the case before the Court of Appeals, and the opinion states:

"In a cursory, independent examination we are led to the conclusion that there is very serious doubt as to whether or not the facts of a joint enterprise are required to be pleaded, where there is an allegation of joint enterprise. We do find that there is an abundance of authority upon the proposition that the trial court should not charge upon the question of joint enterprise unless properly in the case through evidence."

The Court of Appeals held that the trial court was in error in dismissing plaintiff's petition; the cause was remanded with instructions for the reinstatement of the case, and to permit the filing of further pleadings within rule.

The argument of counsel for the defendant-appellee was:

"—that an allegation of facts in more detail would at once disclose that some of the defendants at least were in no sense guilty of any negligence and that they should not be put to the bother of being continued in the litigation."

It is therefore of interest to trace the history of this case, relating to an accident that occurred on April 25, 1941, from the Docket in Office of Clerk of Courts of Franklin County, Ohio:

May 29, 1941. Petition filed. (Summons issued, summons returned. Guardians ad litem appointed.)

June 24, 1941, and July 17, 1941. Motions filed.

December 12, 1941. Motion of Nancy Casto sustained; plaintiff ordered to amend; cause ordered dismissed.

December 12, 1941. Notice of appeal filed.

October 16, 1942. Mandate from Court of Appeals filed; judgment reversed; cause remanded.

November 6, 1942. Answer of Louis L. Montei filed.

November 6, 1942. Answers of Guardians ad litem filed.

March 13, 1943. Answer of Nancy Casto filed.

February 7, 1946. Action discontinued as to Defendants Louis L. Montei, Nancy Casto, and Herbert Bangert. Cause to continue as to Thomas Montei.

February 7, 1946. Amended petition filed.

February 15, 1946. Answer of Guardian ad litem filed.

January 16, 1947. Jury sworn.

January 21, 1947. Case settled and dismissed with prejudice.

Thus, some four years and eight months after the filing of the original petition, three of the defendants were dismissed from the action, which was continued for trial against one alone. Did plaintiff's counsel finally come to the position of counsel for defendants, that facts in detail would disclose that some of the defendants were in no sense guilty of any negligence? In the meantime, much time had been consumed, with litigation, efforts of attorneys, time of the courts, and expense to clients.

In the cited case of Hardware Mutual Insurance Company v. McGinnis, supra, 119 N. E. 2d 698, sufficient facts are not shown in the opinion to show whether this case involved coexisting and continuing negligence, joint adventure, or what, except a part of defendants' memorandum, which the Court quotes:

"The plaintiff knows that a master and servant relationship existed between the two defendants."

The exact wording in the petition is not shown, but apparently it was somewhat like the language in Davis v. Montei, supra, and to this the defendants filed motions similar to the one in Davis v. Montei, supra, and to the ones in the instant cases. The trial Court there cites the opinion of the Court of Appeals, above quoted from, and as the same Court of Appeals had Fayette County, also, in its District, the trial court therefore says:

"In the light of the foregoing decision by our Court of Appeals, this Court is constrained to the view that the legal principles so determined and pronounced by the appellate court are controlling and dispositive of the issues raised by Branch II of defendants' motion at this stage of the litigation in the case at bar."

This Court is in a different Appellate District, and no similar decision from our Court of Appeals is known.

In the cited case of Tipton v. Fleet Maintenance Company, 75 Abs 204 and 516, 142 N. E. 2d 882 not enough of the petition is quoted to determine the wording of the same; this opinion relates to a Motion to

Quash Service of Summons, and the Court merely cites Davis v. Montei, supra, and states:

"—it is clear that Davis v. Montei, supra, is not directly in point with the quesion raised by defendan's motion to quash service of summons;" and this Court is unable to see why this case was cited, as it has no application of any kind to the present question before this Court.

Inasmuch as counsel for each plaintiff herein says:

"as the petition now stands plaintiff has pleaded a joint venture," let us then examine one of the leading cases on this question, and the petition therein, as shown by the Record in office of Clerk of Supreme Court of Ohio. This case is **Ford, Executor v. McCue, 163 Oh St 498,** 127 N. E. 2d 209. The petition is not completely set out in the report of the case, but the record shows the petition stated:

"On September 26, 1950,—plaintiff's decedent was driving. When said Newton C. Blasingame, driving his said automobile—reached a point—the defendants, John E. McCue and Louie E. Rohloff negligently, carelessly and without warning backed a truck out of a private driveway —so that a collision—occurred. At said time and for some period of time theretofore, the defendants were jointly engaged in the business of selling, buying and delivering bread, and at the time of the aforesaid collision, the said Chevrolet truck, which was then and there owned by the defendant, Louie E. Rohloff and driven by the defendant, John E. McCue, was being used by the defendants in the prosecution of their aforesaid business, to-wit: in the sale and delivery of bread.

"The aforesaid collision of automobiles—were caused solely, directly and proximately by the defendants' carelessness and negligence in the operation of the Chevrolet truck aforesaid—

"Said truck was operated without due regard for the safety and rights of others.

"Said truck was backed up without giving ample or any warning.

"Said truck entered the aforesaid public highway—without stopping.

"—(damaged) by the wrongful and negligent act of the defendants—

"Plaintiff prays judgment against the defendants—"

While the trial court and the Supreme Court held that the facts in this case did not show that the defendants were engaged in a joint adventure, and therefore could not be properly joined as defendants, although the pleadings set out joint adventure.

In the opinion, on **pages 163 Oh St 502, 127 N. E. 2d 212,** Hart, J., says:

"In dealing with the relationship of joint adventure, difficulty arises in differentiating the legal implications of the relationship with their consequences from those of certain allied relationships, such as partnership, principal and agent, master and servant, independent contractor, debtor and creditor, bailor and bailee, and joint tort-feasors."

The opinion then sets out, the several essential elements of "joint adventure."

The Supreme Court, in this case, in paragraph 1 of the syllabus states:

"1. A joint business adventure is an association of persons with intent, by way of contract, express or implied, to engage in and carry out

a single business adventure for joint profit, for which purpose they combine their efforts, property, money, skill and knowledge, without creating a partnership, and agree that there shall be a community of interest among them as to the purpose of the undertaking, and that each coadventurer shall stand in the relation of principal, as well as agent, as to each of the other coadventurers, with an equal right of control of the means employed to carry out the common purpose of the adventure."

Another example, from the facts, of what is not a joint adventure, or joint enterprise, although apparently properly pleaded in the petition, is De Marco v. Lucas, 61 Abs 182, 103 N. E. 2d 583 (Court of Appeals, Cuyahoga County, 1951).

In view of the Supreme Court cases of Wery v. Seff, 136 Oh St 307, 25 N. E. 2d 692, and Ford, Executor v. McCue, 163 Oh St 498, 127 N. E. 2d 209, and the pleadings in each of these cases, this Court is of the opinion that the case of Davis v. Montei, 28 Abs 147, 49 N. E. 2d 584, is contrary to the weight of authority as to proper pleading in a petition, and that the same should now be entirely disregarded as a precedent.

Counsel for plaintiffs herein in their memo. state "plaintiff has pleaded a joint venture," and yet cite as authorities one Supreme Court case and one Court of Appeals case, each involving alleged joint negligence of joint tort-feasors. The two are entirely different.

The pleadings in Wery v. Seff, supra, and in Ford, Executor v. McCue, supra, were definite, positive, precise and certain, not "shot-gun petition" as in Davis v. Montei, supra, and in the instant three cases. A "shot-gun petition" leads to careless and inexact preparation for trial, and if such is allowed, neither the defendants nor the court know what is the claim of the plaintiff, under such style of pleading—does the claim come under the laws relating to partnership, principal and agent, master and servant, independent contractor, debtor and creditor, bailor and bailee, joint tort-feasors, or joint adventure?

A client deserves exact thinking from his counsel, and exact thinking comes with and from properly pleaded and carefully drawn pleadings, by counsel on each side.

This court is of the opinion that the petition in each of the three instant cases fails to set out sufficient facts to show a joint adventure, if that is the true situation that counsel for plaintiffs intended to plead, neither do the petitions show joint liability of joint-tort-feasors, in any way.

The motion of the defendants in each case is well taken and must be sustained.

Counsel for defendants shall prepare proper entries in accordance with this opinion, exceptions to plaintiff in each case, submit the same to opposing counsel, and then to this Court on or before twenty days from the date of this opinion; the plaintiff in each case to have leave to file an amended petition within twenty days from date of filing of entry.