SMITH ET, PLAINTIFF-APPELLANT, v. GEORGE BYERS & SONS, INC., ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Tenth District, Franklin County.

No. 7495. Decided February 18, 1964.

*Messrs. Volkema, Wolske & Bopeley, Mr. Russell H. Volkema*, of Counsel, for plaintiff-appellant.
*Vorys, Sater, Seymour & Pease, Mr. Fred G. Preston*, of Counsel, for defendants-appellees.

BRYANT, J. This is an appeal on questions of law from the judgment of the Columbus Municipal Court. Angela Smith by her next friend, Betty Smith, appellant herein, plaintiff in the court below, filed suit asking for $5,000 damages as a result of an automobile accident on June 8, 1962, on Olentangy River Road south of the intersection of Lane Avenue in Columbus. She named as defendants George Byers & Sons, Inc. and Fred Curry, appellees herein, defendants in the court below.

On behalf of George Byers & Sons, Inc. five motions attacking the petition were filed. At issue in this appeal are the judgments and final orders of the court below sustaining one of the three motions to make definite and certain and sustaining the motion to strike. Plaintiff-appellant declined to file the amended petition which would have been required to comply with the lower court's rulings and that court dismissed plaintiff-appellant's cause of action. The errors assigned on behalf of plaintiff-appellant are as follows:

"1. The Court erred in ordering the plaintiff to make the second paragraph of her petition definite and certain by stating which one of the defendants was driving the motor vehicle at the time of the collision.

"2. The Court erred in striking from plaintiff's petition her allegation that the truck 'was being driven at a speed greater than would allow it to stop within an assured clear distance ahead.' "

We shall consider the errors claimed in the order above set forth. The motion to make definite and certain, which was sustained by the court below, reads as follows:

"Now comes the defendant, George Byers & Sons, Inc., and moves that the Court issue orders requiring the plaintiff to make her Petition definite and certain in the following ways:

"1. By stating which one of the defendants, if either, was driving the motor vehicle which is alleged to have collided with the car in which the plaintiff was a passenger. In the fifth line

and the tenth line of the second paragraph, the plaintiff states that 'defendants were driving' and that 'defendants crashed.' "

The petition in this case omitting the heading, caption, signature, verification, etc. and also omitting an amendment not in issue here, consists of four paragraphs. The first paragraph deals only with the location and public character of the roads involved. The third paragraph is confined to a description of the injuries claimed to have been received by plaintiff-appellant. The fourth and final paragraph is the prayer for judgment. The second paragraph, which is the one in issue here, reads as follows:

"2. Plaintiff further says that on or about the 8th day of June, 1962, at approximately 11:30 A. M., she was a passenger in a 1961 Volkswagen which was traveling in a southerly direction on the said Olentangy River Road just south of said Lane Avenue; that at said time the defendants were driving a GMC pick-up truck immediately behind the vehicle in which the plaintiff was a passenger in the same lane in which the Volkswagen was being driven; that the truck was being driven at a speed greater than would allow it to stop within an assured clear distance ahead, to-wit: 50 m. p. h.; that as a result thereof the defendants crashed into the rear of the vehicle in which plaintiff was a passenger."

As to the first assignment of error, the sole issue discussed in the briefs of the parties is whether or not it is proper to join the master and servant as defendants in a single suit based upon the claimed negligence of the servant. To the same effect, see the briefs of the parties in the court below in support of and opposing the motion to make definite and certain.

Counsel for defendants-appellees rely upon the decision in the case of *Shrewsberry* v. *Wilson,* 113 Ohio App., 556, and *Upperman* v. *Freeman et al.,* Franklin County Common Pleas Court Case No. 213,577. Counsel for plaintiff-appellant cites the cases of *Davis* v. *Montei* (1942), 38 Ohio Law Abs., 147, 49 N. E. (2d), 584, decided by the Franklin County Court of Appeals, and *Hardware Mutual Insurance Co.* v. *McGinnis et al.,* 119 N. E. (2d), 698, decision by the Fayette County Common Pleas Court. For a further discussion of *Davis* v. *Montei, supra,* see *Sharkey* v. *Lathram* (1959), 80 Ohio Law Abs., 359.

The decision in the case of *Davis* v. *Montei, supra,* appears

to have been founded upon a decision of the Supreme Court of Ohio in *Wery* v. *Seff et al* (1940), 136 Ohio St., 307, among others. In course of the opinion by Zimmerman, J., there appears the following statement at page 311:

"In Ohio, the test often applied to determine the propriety of joining two tort-feasors in one action for an injury due to their acts is whether there is primary and secondary liability to the injured person. Primary liability to the extent of full compensation rests on him who actually commits the wrong, while secondary liability to the same extent rests upon him who, solely by reason of his relationship to the wrongdoer, is likewise answerable. In such case, no joinder in a single action is allowed because there is no joint accountability."

Joinder of master and servant is now permitted under Section 2307.191, Revised Code, effective August 26, 1963. See *Darling* v. *Home Gas & Appliances, Inc.* (1963), 175 Ohio St., 250. The *Darling case, supra,* also suggests that the previous decisions of the Supreme Court interpreting the joinder statutes to the contrary are not to be followed. See also the article by Robert Wills, "Joinder of Master and Servant," 23 Ohio State Law Journal, 488 (1962).

In this case, the allegations of the petition are not sufficient to determine the relation between the two defendants-appellees. In fact if the caption and heading be regarded as not parts of the petition there will be found a complete absence of any naming, reference or description in the body of the petition as to just who the defendants were or what their relationship to each other was.

If this be true, and we think it is, the court below was in error when it, in effect, ordered the plaintiff-appellant to elect between the two defendants. The first assignment of error is well taken and must be sustained.

In our opinion, the second assignment of error also is well taken. We are unable to find any prejudice to the defendants in the language complained of in the motion.

For the reasons above set forth both assignments of error will be sustained, the judgment of the court below will be reversed and set aside, and the cause remanded to the court below.

DUFFY, P. J., and DUFFEY, J., concur.