## PARR v GREGG

Ohio Appeals, 1st Dist., Butler Co.

No. 821. Decided Feb. 17, 1942.

Charles H. Elston, Cincinnati and Edward C. Skelton, Cincinnati, for appellant.

August A. Rendigs, Jr., Cincinnati, and Wm. H. Fry, Cincinnati, for appellee.

## OPINION

By ROSS, J.

This matter comes into this court upon an appeal on questions of law from the Court of Common Pleas of Butler County, Ohio.

The plaintiff filed a petition in that court in which she charged that the defendant caused her injury when an automobile "in which the defendant Anita M. Gregg was a passenger and over which she had control" collided with another automobile which plaintiff was driving at the same time and place. The plaintiff further refers to the vehicle in question as "the automobile of the defendant" and states it was "being driven by Virginia Shipley, an agent and employee of the defendant".

Shortly after the filing of the petition the defendant appeared solely for the purpose of attacking the jurisdiction of the court over the person of the defendant, who it appears was a non-resident of the state and who had been served through the Secretary of State by virtue of the provisions of §6308-1 GC.

This section provides as follows:

"Any non-resident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to non-resident operators and owners, of operating a motor vehicle, or of having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a non-resident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case

may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the secretary of state of the state of Ohio his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state of Ohio against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved."

Two affidavits were filed by the defendant in support of her motion. From these it appears that the defendant was not the owner of the vehicle alleged to have caused plaintiff's damage, nor was she, as is evident, from the allegations of the petition, in manual control of the driving or steering apparatus of the same.

It is the contention of the plaintiff-appellant that the term "operator" used in §6308-1 GC, is broad enough in its significance and definition to include a person who, while not in physical control is present directing another in such manipulation of such devices, as servant, employee, or agent.

The trial court disagreed with the contention of the plaintiff and quashed the service, and it appearing that no other service could be made upon the defendant, dismissed the petition. No specific objection is directed to this latter action of the Court.

The matter as presented presents the simple question:—does the term "operator", as used in §6308-1 GC, include a person not in direct, actual, physical control of the steering and driving devices of a motor vehicle?

This question has not been directly passed upon by any controlling authority. Our attention is directed to a careful opinion of Weinman, J., in the case of Grimes, Admrx. v Schaefer, 15 OO 292, decided in September, 1939. In this opinion the court has collected many pertinent authorities, as was done by Judge Boli in the instant case, both courts reaching the conclusion that the term is not so comprehensive as to include the class of persons claimed by the plaintiff to be included.

Sec. 6290, ¶14 GC, provides that the term "operator" means:

" 'Operator' includes any person who drives or operates a motor vehicle upon the public highways."

Sec. 6308-1 GC, being a statute jurisdictional in character must be strictly construed. Donnelly v Carpenter, Exrx., 55 Oh Ap 463. If any ambiguity, therefor, results in the use of the term it must be resolved adversely to extending jurisdiction.

It seems apparent that the term as used was designed by the legislature to apply only to persons who actually controlled the driving and steering mechanism of the vehicle, the ordinary accepted meaning of the word, and that the defendant could not be considered therefore to be an "operator" of the vehicle in question.

No bill of exceptions is presented by the appellant. Only the petition, motion to quash, and affidavits in support of the motion are before us as a part of the original papers.

It is true a motion may be heard on affidavits alone. Sec. 11523 GC.

But the final entry in this case provides that: "The matter having been presented to the court, and the court being fully advised in the premises finds that said motion is well taken and should be granted." The appellant is, therefore, limited to the matter so presented to this Court. There is nothing so presented that indicates that the defendant was in actual personal control of the devices mentioned. She was not the "operator" of the vehicle causing the plaintiff's injury. She is a non-resident, and it appears no valid service could be made upon her.

The judgment is affirmed.

MATTHEWS, PJ. and HAMILTON, J., concur.