## SHEPHERD v. SHAPIRO FISHERIES, INC. et al., and six other cases.

Common Pleas Court, Hamilton County.

Nos. A-124649 to A-124651, A-124682, A-124777, A-124938, A-124947. Decided June 11, 1951.

---

Robert O. Smith, Robert W. Rack, Cincinnati, for James Shepherd.

Robert O. Smith, Cincinnati, for Charlie Williams and others.

Baron H. Gold, Cincinnati, for Charles Farley.

Myron S. Rudd, Cincinnati, for Joseph Tamper.

Joseph Schwartz, Cincinnati, for C. Roy Steingrube.

George Bailes, Cincinnati, for Melvin Newman.

J. A. Culbertson, Cincinnati, for defendant.

## OPINION

By BADER, J.

The same motion to quash service of summons has been filed by the defendant in seven different cases against the Shapiro Fisheries, Inc. and the questions involved in all cases will be covered by this opinion.

These cases came before the Court on the motions to quash the service of summons in the respective cases for the following reasons:

1. That the defendant is not, never was and is not alleged to be the owner of the motor truck complained about in the petition herein;

2. That the petition shows the physical control and management of the said motor truck was by a person not this defendant at the time and place complained about.

3. That this Court was without jurisdiction to issue the pretended summons served upon defendant, and the pretended service and the return thereon are without warrant of law and of no effect.

4. Plaintiff has not pleaded jurisdictional facts to authorize issuance to and service of summons on Secretary of State.

The motion is supported by an affidavit of Bob Shapiro which sets forth in part that the truck and trailer referred to in plaintiffs' petitions "was not owned by the said Shapiro Fisheries, Inc. at the time of the occurrence upon which said action is predicated, or at all; that the operator of the said motor truck was not the agent, servant or employee of defendant, Shapiro Fisheries, Inc., at the time of said occurrence, or at any time; and that said Shapiro Fisheries, Inc., did not have any control over the said motor truck, or the management thereof, at the time and place of the occurrence complained about, or at all."

The defendant, Shapiro Fisheries, Inc., has also filed an application for a certificate of title for the Autocar tractor in question by one of the defendants, Walter Kniaz, and a certificate from the Secretary of State of Illinois showing that the certificate of title was issued to Walter Kniaz.

Defendants have filed several affidavits in opposition to the motion to quash, among them the affidavit of Walter Kniaz, one of the defendants, which sets forth that he owns the Autocar tractor and trailer which was involved in the accident referred to in plaintiffs' petitions. He sets forth further that this vehicle was operated by Shapiro Fisheries, Inc. and that he, as owner, had leased the same to that company and that Shapiro Fisheries, Inc. had the exclusive management thereof and that the driver, Floyd Caughlin, was under the exclusive control and direction of Shapiro Fisheries, Inc. and that the driver was the agent and servant of said Shapiro Fisheries, Inc. at the time of the accident and that the said Walter Kniaz did not have control or direction over the operation or management of the vehicle or the driver at the time of the accident.

Other affidavits indicate that the name of Shapiro Fisheries, Inc. was placed on the side of the trailer in large permanent letters.

All of the cases before this Court are similar and what applies to one applies to all of them in the same manner. The Court has considered the affidavits and the certificates of title and briefs presented to the Court by the respective parties as being a part of all of the cases in which Shapiro Fisheries, Inc. is defendant as though they have been separately filed in each case.

Assuming for the purpose of argument that the tractor and trailer was owned by Walter Kniaz and leased by him to Shapiro Fisheries, Inc. and that the latter operated or caused it to be operated over the roads in the State of Ohio, would service of summons as provided for in §6308-1 GC be good and valid as far as Shapiro Fisheries, Inc. was concerned?

Sec. 6308-1 GC provides: "Service of process upon nonresident owners or operators of motor vehicles. Any nonresident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to nonresident operators and owners, of operating a motion vehicle, or of having the same operated, within the state of Ohio, * * * shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the secretary of state of the state of Ohio his, her, or their agent for the service of process in any civil suit or proceed-

ing instituted in the courts of the state of Ohio against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the state in which such motor vehicle is involved."

In the case of **Pray v. Meier, 69 Oh Ap 141,** 40 N. E. 2d 850, 43 N. E. 2d 318, the Court held: "The provisions of §6308-1 GC, providing for substitute service on a nonresident defendant who, while availing himself of the privileges of the highways of Ohio negligently causes injury to another, includes with its provisions such right of service of summons through the Secretary of State, thereby conferring jurisdiction upon the courts of this state to try such cause not only as against an owner or operator who was either driving or having such vehicle driven upon the highways of this state, but also a nonresident principal or employer who directed his employee, also a nonresident, to operate the employee's motor vehicle on the roads of Ohio while acting in the course and scope of such employee's employment."

On page 146 of 69 Oh Ap, on **page 852** of 40 N. E. 2d the Court, in referring to §6308-1 GC, said: "The statute above quoted, when interpreted in the light of the purposes to be accomplished, clearly includes within its provisions; 1, the owner who is operating his automobile; 2, the owner whose vehicle is being operated at his command by his agent or servant; 3, a non-owner who is having the vehicle of another operated in carrying out his own purposes within the State of Ohio. The word "operator," is thus to be understood to mean one for whose purposes a motor vehicle is being operated as well as one who is performing the physical act of operating a motor vehicle.

Such interpretation certainly does not strain or exaggerate a single word of the section, * * *."

The Court, 69 **Oh Ap** on **pages 146** and **147,** 40 N. E. 2d on page 852, said: "The significant question is, for whose purposes and at whose direction is the vehicle being operated? The evil to be corrected, as before stated, is to provide means of calling a nonresident to the bar of justice of this State to answer the claims of our residents that while using the privileges of our highways such nonresident operator or owner through the negligent operation of a motor vehicle caused damages."

The defendant, Shapiro Fisheries, Inc., is a corporation and does not own the truck but if it operated the truck and trailer in question by authority of lease or otherwise it must necessarily do so through its agents or employees. A corporation is a separate entity and and can only act through its agents.

Certainly it cannot be said that if the truck was operated by Shapiro Fisheries, Inc. or it had the same operated within the State of Ohio, it could not be held liable because it was a corporation. The Legislature of the State of Ohio did not intend that the agent of a corporation operating in the State of Ohio for Shapiro Fisheries, Inc., because he was the person in actual physical control, could be the only one held responsible and relieve the responsibility of the employer or actual operator. The Legislature intended to effect service on nonresidents against whom injured persons had claims.

Shapiro Fisheries, Inc. cannot be relieved of answering to the claims of the respective plaintiffs if it leased the truck from Walter Kniaz and operated the truck through its own agents and had exclusive control over the operations of both the agent and the tractor and trailer.

In view of the affidavits filed in the respective cases coupled with the affidavit of Walter Kniaz as to the lease of the equipment to Shapiro Fisheries, Inc. and its control as well as the fact that the name of Shapiro Fisheries, Inc. was permanently painted on the truck, leads one to believe Shapiro Fisheries, Inc. had something to do with the equipment and/or its operations.

The Court is of the opinion that the service made through the Secretary of the State of Ohio by authority of §6308-1 GC is a good and valid service and the motion to quash service of summons will be overruled in each case.