Taylor, Appellant, *v.* Hall et al., Appellees.

(No. 5488—Decided June 29, 1956.)

*Mr. R. H. Volkema* and *Mr. W. Newman,* for appellant.
*Mr. Hamilton S. Hedges* and *Mr. Curtis H. Porter,* for appellees.

HORNBECK, J.   This is an appeal from an order of the Common Pleas Court sustaining a motion of defendant-appellee Hall, a nonresident of Ohio, to quash the service of summons attempted to be made upon him by virtue of Section 2703.20, Revised Code.

Plaintiff-appellant assigns three errors all of which are to the effect that the trial judge erred in sustaining the motion to quash the substituted service of process.

The statute involved, Section 2703.20, Revised Code, provides in part:

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, within this state, * * * by such acceptance or licensure and by the operation of such motor vehicle within this state makes the Secretary of State of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved."

Plaintiff, so far as pertinent to the issue, alleges "that at all times hereinafter mentioned the defendant, William H. Hall, was a nonresident owner of a motor truck (vehicle) which he operated in the state of Ohio * * *"; that on November 14, 1955, defendant's truck was parked alongside the rear entrance of a building owned by codefendant The William Fean & Company, Inc.; that the building owned by codefendant was located on a public thoroughfare in the city of Columbus; and that as plaintiff was walking along the sidewalk between the truck and the rear entrance of the building of codefendant, a heavy door of the truck unexpectedly swung open across the sidewalk,

struck plaintiff on his head and knocked him off the sidewalk causing injuries. Plaintiff alleges further that the defendant Hall, or his employees and certain other employees of codefendant, were in the proximity of the truck door as it swung open and that they knew the door was going to be opened; that they were there for the purpose of loading or unloading the truck; and that no one of the members warned the plaintiff of the intended opening of the door. The appeal does not test the petition against general demurrer, but the sufficiency of the averments to authorize substituted service upon the defendant Hall.

The parties also tender a stipulation as to the following facts:

"* * * that the 'truck' alleged in plaintiff's petition, is in fact the type of vehicle known as a tractor-trailer; that the trailer was a refrigerated trailer for carrying perishable vegetables; and that the 'truck-door' alleged in plaintiff's petition was in actuality a side door in the middle of the aforesaid refrigerator trailer which was attached to the aforesaid truck."

Although the parties do not discuss the matter, we will assume that the trailer may be considered as a part of the motor vehicle to which it was attached.

Plaintiff contends that the loading or unloading of the refrigerated trailer and the opening of the door incident to such procedure was an operation of the truck within contemplation of the applicable statute. The trial judge supported the contention of defendant Hall, that at the time of the accident the averments of the petition would not support the conclusion that the defendant was operating his motor vehicle.

If it is essential to the substituted service authorized by the statute that the defendant be found to have been in the operation of his truck at the time of the accident there is some support for the order of the trial court although there is substantial authority outside Ohio to the contrary.

The cases cited by both parties do not reach the narrow question presented on this appeal. In *Parr* v. *Gregg,* 70 Ohio App., 235, 42 N. E. (2d), 922, the issue was whether the defendant, who was neither the owner nor in physical control of the mechanism of the automobile at the time of the collision, was an operator within the meaning of Section 6308-1, General Code

(now Section 2703.20, Revised Code). The defendant was a passenger in the owner's car and it was claimed directed his movements. It was in this situation that the court held, in paragraph two of the syllabus:

"The term 'operator,' as used in Section 6308-1, General Code, providing for service of process upon nonresident operators of motor vehicles through the Secretary of State, does not include a person not in direct, actual, physical control of the steering and driving devices of a motor vehicle."

In *Paduchik* v. *Mikoff,* 158 Ohio St., 533, 110 N. E. (2d), 562, there was no question that the defendant was in the operation of the automobile which injured plaintiff. However, he had not at any time prior to this occurrence operated the truck on a highway of the state of Ohio.

There is no question that the section, being jurisdictional in character, must be strictly construed. *Fyffe* v. *Eddington,* 97 Ohio App., 309, 125 N. E. (2d), 882; *Parr* v. *Gregg, supra; Donnelly* v. *Carpenter,* 55 Ohio App., 463, 9 N. E. (2d), 888.

The petition follows the essentials of the statute in that it charges that the defendant Hall was a nonresident of the state; that he was the owner of the motor vehicle in question; that he operated it within this state; and that an accident occurred within this state in which such motor vehicle was involved. There is no question that the motor vehicle owned by the defendant was involved in the accident upon which suit is brought, or that the defendant operated it within this state. One of the questions then presented is whether it must further appear that he was at the time of the accident in the operation of the truck.

In the case of *Paduchik* v. *Mikoff, supra,* where the principal question was whether the nonresident operator of an automobile on private premises in Ohio could be served under the statute, Judge Hart, in the opinion, at page 545, cites with approval *Leighton* v. *Roper, Admr.,* 300 N. Y., 434, 91 N. E. (2d), 876, 18 A. L. R. (2d), 537, which construed Section 52 of the New York Vehicle and Traffic Law as amended in 1945. A part of the quotation from the opinion is:

" 'He [the driver of the automobile] signified that consent [to the substituted service] *when he drove his automobile into this state,* and it was indisputedly binding upon him, personally * * *.

" '* * * When decedent came upon the highways of this state with his automobile, *he subjected himself to our jurisdiction, and consented, while here,* irrevocably to bind his legal representative in an action arising out of *any action in this state* in which his automobile was involved.' (Italics supplied in part.)"

The comparable New York statute, in the operative language, after the essential to the consent of the nonresident automobilist to be served through the Secretary of State, read, prior to 1942:

"In any action against him, growing out of an accident or collision in which such nonresident may be involved *while operating a motor vehicle on such a public highway,*" or in an amendment, Section 52, Article 5, Vehicle and Traffic Law, effective September 1, 1945, "while being operated in this state." (Emphasis ours.)

The Ohio statute is not restricted to accidents or collisions occurring *while operating* a motor vehicle on a public highway.

In this case according to the averments of the petition, the defendant Hall operated the truck, the open door of which injured plaintiff. It is inferable that at the time of the accident he was in charge of the truck, although not actually physically operating or being in position to operate the mechanism controlling the movement of the truck. Inasmuch as the defendant had subjected himself to substituted service by the operation of the truck on the highways of Ohio and an accident occurred in which the truck was involved, it was not, in our judgment, further necessary that it appear that he was actually in the operation of the truck when the accident occurred.

However, if it be essential that it also appear that he was operating the motor vehicle when the accident occurred, there is substantial authority supporting the conclusion that he was so operating it.

The case of *Chiarello* v. *Guerin Special Motor Freight,* 22 N. J. Superior, 431, 92 A. (2d), 136, was decided under a New Jersey statute which reads substantially as ours. The facts were that the wife, a coplaintiff, fell while walking around a truck placed so as to block the sidewalk. It was claimed that the defendants, nonresidents, were requested to move the truck

from the sidewalk. Goods were being delivered from the truck when the accident occurred. The court held that the substituted service on nonresident defendant was good against a motion to quash. The court cited and quoted from *Smethurst* v. *Barton Square Independent Congregational Church,* 148 Mass., 261, 19 N. E., 387, 2 L. R. A., 695:

" 'In order to be a traveler, it is not necessary that one should be constantly moving, if he is a pedestrian, or that the vehicle he drives, or that in which he is conveying goods, if he is using one, shall be continuously in motion. It would certainly be impossible to use the highways conveniently for the ordinary purposes of business or social life, with teams or lighter carriages, if occasional stops were not permitted to enable those using them to load and unload teams, to receive and deliver goods, to enter shops and stores, and to make brief calls of business or even of a special character.' "

The court also cites and quotes from *Hand* v. *Frazer,* 139 Misc., 446, 248 N. Y. Supp., 557, where a truck of a nonresident which was left standing by the side of the highway was involved in the collision:

" 'To leave an automobile standing across a lane of highway traffic *or to park it in a manner which disregards the safety of other users of the highway may be as great a menace to human life as reckless speed.* A construction of this statute which limits its effectiveness to a motor vehicle in motion would disregard a cardinal rule under which the Legislature must be presumed to have intended a reasonable and practical result from the enactment. * * * No automobile can be put to reasonable use upon our highways in perpetual motion and the Legislature did not so contemplate. It is more reasonable to assume that the use of an automobile requires that it be brought to rest at intervals and in so doing the statutory regulations forbidding carelessness must apply.' (Emphasis ours.) "

The court held that, notwithstanding the fact that the truck was standing and delivery was being made from it, it was still being operated by the defendant at the time the alleged negligence occurred. In this last case, as in the instant case, the truck was involved in the accident upon which suit was instituted. In the reported opinion of the judge of the Common

Pleas Court in *Paduchik* v. *Mikoff*, 112 N. E. (2d), 69, at page 73, it is said:

"Once a motor vehicle enters a state and is operated upon a public road or highway the act of operation causes the appointment of the Secretary of State as agent for substituted service. That appointment continues in effect until the motor vehicle leaves the state. And the appointment extends to and covers any civil action, growing out of any accident or collision in which such motor vehicle is involved without respect to where the accident may have occurred, except that the accident or collision must take place within the state."

This conforms to our concept of the meaning of the statute.

To constitute the Secretary of State agent for the nonresident motorist there must be an actual operation, *i. e.*, a driving of the motor vehicle involved on a highway of the state. It may not be contended that the opening of the refrigerator door of the tractor-trailer was an operation of the truck in the sense that it had anything whatever to do with the mechanism controlling the movement of the truck, but the statute does not require that the accident or collision in which the motor vehicle of the nonresident is involved and upon which suit is instituted shall arise from, grow out of, or be the result of such operation of the motor vehicle. The motor vehicle which defendant operated was involved in the accident sued upon, viz., the opening of the door of the refrigerated trailer of the truck.

The motion to quash service of summons on defendant Hall should have been overruled. The judgment is reversed and the cause remanded to the Common Pleas Court with instructions to overrule the motion.

*Judgment reversed.*

MILLER, P. J., and WISEMAN, J., concur.