TIPTON, a Minor, etc., Plaintiff, v. FLEET MAINTENANCE COMPANY et, Defendants.

Common Pleas Court, Fayette County.

No. 22243.   Decided May 17, 1957.

David H. Bailie, Landis, Ferguson, Bieser & Greer, Dayton, for plaintiff.

William H. Selva, Pickrel, Schaeffer & Ebeling, Dayton, for Fleet Maintenance Company.

### OPINION

By CASE, J.

On April 12, 1957, Fleet Maintenance Company, one of the defendants herein, filed the following motion:

"Comes now the defendant, Fleet Maintenance Company, not entering its appearance herein, or intending to enter its appearance herein, and appearing solely for the purpose of this motion, and for no other purpose, and without submitting itself to the jurisdiction of this Court, moves the Court to set aside the summons issued herein against it, the

service thereof made upon it and return of the sheriff thereon for the reason that the purported service of summons made upon this defendant is invalid and the Court does not have jurisdiction of the person of the defendant, Fleet Maintenance Company."

In support thereof said defendant filed therewith the following memorandum:

"It is elemental that before a Court can effectively acquire jurisdiction over the person of a defendant, the person sought to be charged must be properly brought before the Court by service of process.

"By her pleading and type of service, plaintiff has admitted the defendant is not a resident of the State of Ohio and, as no service of process has been made within Ohio or within the territorial limits of this Court, it is fundamental that non-residents, such as this defendant, are not subjected to the jurisdiction of Ohio Courts under service provided under §2703.20 R. C., dealing with non-resident owners or operators of motor vehicles which are involved in accidents or collisions within the State of Ohio.

"It is very apparent from the reading of the statute that non-residents who may be served under the non-resident section of the General Code fall into two categories. (1) The actual owner of the motor vehicle, (2) the actual operator of the motor vehicle.

"See **Mary Grimes, Administratrix, v. C. A. Schaeffer, 15 O. O. 292.**

"In the cited case, the Court will note that a similar case was removed to the District Court of the United States for the Southern District of Ohio, Eastern Division, and that Judge Underwood of said Court upon a similar motion sustained said motion.

"See also **Parr, Appellant, v. Gregg, Appellee, 70 Oh Ap 234, 25 O. O. 23.**

"See also Commonwealth of Kentucky v. Maryland Casualty, 112 F. (2d) 352 (United States Court of Appeals, sixth Circuit) in case the Court construed a statute of Kentucky which is similar to the one in Ohio and the Appellate Court said at page 355:

" 'Paula Andres, being neither the operator nor owner of the motor vehicle, upon the negligent operation of which plaintiff predicated her action in the state court, was not within the terms of the present statute.' "

"We respectfully submit that as the defendant, Fleet Maintenance Company, was neither the owner nor actual operator of the vehicle involved, service was improper and the motion to quash should be sustained in its entirety.

"We attach an affidavit relating to ownership of the involved vehicle."

The aforesaid affidavit reads as follows:

"William H. Selva, being first duly sworn, deposes and says that he is one of the attorneys for defendant, Fleet Maintenance Company herein; that this affidavit is made in support of defendant's motion being filed simultaneously herewith; that, on information and belief, the motor vehicle referred to in plaintiff's petition was not owned by defendant, Fleet Maintenance Company, on the date and time referred to in plaintiff's petition, nor does this defendant own said vehicle at this time.

"Further affiant saith not."

By its memorandum, said defendant contends that §2703.20 R. C. authorizes and provides for service only upon (1) the non-resident actual owner of the motor vehicle, or (2) the non-resident actual operator of the motor vehicle.

With respect to the authorities cited and argument presented in said memorandum, this Court is not persuaded that it completely or correctly states the law of Ohio.

In **Pray v. Meier,** 69 Oh Ap 141, 35 Abs 319, 23 O. O. 572, 40 N. E. 2d 850, 43 N. E. 2d 318, the headnote thereto reads as follows:

"The provisions of §6308-1 GC providing for substitute service on a non-resident defendant who, while availing himself of the privileges of the highways of Ohio negligently causes injury to another, includes with its provisions such right of service of summons through the secretary of state, thereby conferring jurisdiction upon the courts of this state to try such cause not only as against an owner or operator who was either driving or having such vehicle driven upon the highways of this state, but also a non-resident principal or employer who directed his employee, also a non-resident, to operate the employee's motor vehicle on the roads of Ohio while acting in the course and scope of such employee's employment."

On May 2, 1957, plaintiff filed the following memorandum in opposition to said defendant's motion to quash service of summons:

"Now comes plaintiff, Patricia Tipton, a minor, by her counsel and respectfully requests the Court to overrule Fleet Maintenance Company's motion to quash service of summons on the ground that jurisdiction over the person has not been obtained. It is admitted by the plaintiff that the defendant may specially appear for the purpose of denying jurisdiction over its person, but it is respectfully submitted that when counsel for defendant filed an affidavit along with its motion to quash, he, in said affidavit, denied the ownership of the defendant, Fleet Maintenance Company, of a particular truck in question. This denial puts in issue one of the facts alleged in plaintiff's petition. The plaintiff swears under oath that Fleet Maintenance Company did own the truck in question and defendant through its counsel is denying said matter under oath. We respectfully refer the court's attention to the case of **Virginian Joint Stock Land Bank v. Kepner** (7 N. E. 2nd 562, 54 Oh Ap 352), where the Court held that a motion objecting to the jurisdiction of the person which can be disposed of without examining any of the facts going to the merits of action is not a general appearance. It is respectfully submitted that the ownership of the truck in question is very definitely a fact going to the merits of plaintiff's action, and the Court must look into the merits of said facts to decide this motion. Therefore, we respectfully submit that defendant by its counsel had made a general appearance in this case.

"Now comes plaintiff, Patricia Tipton, a minor, by her counsel, and respectfully submits to this Court that Fleet Maintenance Company, being a corporation, can only operate through its employees, and that if Louis Decker was at the time of the accident which is the subject of this litigation an employee of Fleet Maintenance Company, and Fleet Maintenance Company had in its control the operation of the vehicle

involved in this collision, then it is respectfully submitted to the Court that under §2703.20 **R. C.,** Fleet Maintenance Company would fall under the wording:

" 'Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to non-resident operators and owners, of operating a motor vehicle or of having the same operated, within this state,' . . . . . 'makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occuring within this state in which such motor vehicle is involved.' "

On May 9, 1957, in reply to plaintiff's above quoted memorandum counsel for defendant, Fleet Maintenance Company, filed a copy of a decision rendered by Judge Cecil of the United States District Court Southern District of Ohio Western Division on March 20, 1957, in the case of Glenna L. Cody v. Frances L. Schwarz, Inc., being case No. 2077 on the civil docket of that court; and it is noted that the following language appears therein:

"The petition alleges that Francis L. Schwarz, Inc., is a corporation with principal office and place of business in the State of New York.

"The motion of the defendant is supported by an affidavit of Chester E. Finn of counsel for the defendant, which states that the automobile being driven by the said Harry Edwards at the time of the accdent, was not owned by the defendant.

"The queston presented is whether or not the Common Pleas Court of Montgomery County, Ohio, acquired jurisdiction over the defendant through service of summons made under and by virtue of §2703.20 **R. C.** The first paragraph of this section of the Revised Code and the part pertinent to the issue in this case, reads as follows:

" 'Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, or operating a motor vehicle or of having the same operated, within this state, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts, by such acceptance or licensure and by the operation of such motor vehicle within this state makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle arising out of, or by reason of, any accident or collision occurring within this state in which such motor vehicle is involved.'

"The statute uses the words 'operator or owner,' that is, 'Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners,' may be served in the manner provided by the statute 'in any civil suit or proceeding instituted in the courts of this State against such operator or owner of such motor vehicle, aris-

ing out of, or by reason of, any accident or collision occurring within this State in which such motor vehicle is involved.'

"The specific question is whether or not a nonresident of the State who is neither owner nor operator of a motor vehicle may be served with process under this provision of the statute on the basis of being the principal of an agent who, in the scope of his employment, was driving the car involved in an accident. To determine this question, the Court must look to the Ohio law.

"In Pray, Appellee, v. Meier, Appellant, 69 Oh Ap 141. decided January 19, 1942, it was held by the Court of Appeals for Cuyahoga County that under similar circumstances, the Court had jurisdiction of the person.

"In Parr v. Gregg, 70 Oh Ap 235, decided February 17, 1942, it was held by the Court of Appeals for Butler County, that under circumstances similar to those in the case at bar, the Court did not have jurisdiction of the person of the principal.

"It seems almost unbelievable that in fifteen years this question has not again been raised in Ohio and decided by the Supreme Court. The two authorities just cited are of equal value and the law on this question as it now stands in Ohio, is in conflict. The law of Ohio being in this condition, the Court looks for guidance to other decisions of the Supreme Court of Ohio."

Although this Court must admit that the decisions rendered in Pray v. Meier, 69 Oh Ap 141, 35 Abs 319, 23 O. O. 572, 40 N. E. 2nd 850, 43 N. E. 2nd 318, and in Parr v. Gregg, 70 Oh Ap 235, 36 Abs 71. 25 O. O. 23, 42 N. E. 2nd 922, appear to be clearly in conflict and of equal value as stated by Judge Cecil, in the portion of his decision above quoted; however, this Court is not able to follow with assurance or to subscribe with confidence to the reasoning by which Judge Cecil finally arrives at the conclusion to sustain the motion to quash the service of summons.

This Court has repeatedly reviewed Judge Cecil's decision in the Cody case in an effort to comprehend and understand what pertinent language and provisions of §2703.20 R. C. were quoted in the decision but which were not discussed and which were not analyzed by him in arriving at his conclusion. His decision quotes in part the following language of the statute:

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, within this state, * * *"

It does not appear that any portion of his decision was particularly directed to an interpretation to that portion of the statute emphasized above; nor does it appear that his decision cited or considered two other interesting decisions of Ohio courts.

In Davis v. Montei, 38 Abs 147, 49 N. E. 2nd 584, decided September 24, 1942, by Ohio Appeals, 2nd District (which is also the Court of Appeals for Fayette County), at page 150 (38 Abs), that court stated in part as follows:

"We are inclined to think it is incorrect to say that only one person can operate a car. We can agree that this would be the correct method

of operation, but it is physically possible for more than one to participate in the operation. For obvious reasons we refrain from giving examples of how two, three or four persons might all be actually participating in the physical operation of the automobile. These very acts of multiple participation would probably be negligence within themselves. The detail of alleging which one performed the various acts which constituted the operation, would be evidential. We will venture the guess that plaintiff would probably find it impossible to produce the evidence supporting his allegations of multiple operation, but as a matter of pleading we do not think it defective, particularly when we find that such a situation is possible."

And although it is clear that Davis v. Montei, supra, is not directly in point with the question raised by defendant's motion to quash service of summons; yet there appears to be a related area of consideration with respect to the language of §2703.20 R. C. which reads in part·

"Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege * * * of operating a motor vehicle or of having the same operated, within this state, * * *"

In other words, any nonresident of this state who accepts the privilege of operating a motor vehicle within this state, or any nonresident who accepts the privilege of having a motor vehicle operated within this state, clearly come within the meaning and intent of the express language of this statute; and it does not appear, either by express language or any reasonable inference that could be drawn therefrom, that such nonresidents were specifically or expressly limited to actual ownership of such vehicle or to actual physical presence in or actual physical operation thereof. In so far as this Court is capable of reading and interpreting the plain, ordinary and usual meaning of the words used by the Legislature in §2703.20 R. C., this Court must and does subscribe to the following pronouncement of the court of appeals in the case of **Pray v. Meier, supra, at page 146 (69 Oh Ap)** when it said:

"The statute above quoted, when interpreted in the light of the purposes to be accomplished, clearly includes within its provisions: (1) The owner who is operating his automobile; (2) the owner whose vehicle is being operated at his command by his agent or servant; (3) a non-owner who is having the vehicle of another operated in carrying out his own purposes within the state of Ohio. The word 'operator' is thus to be understood to mean one for whose purposes a motor vehicle is being operated as well as one who is performing the physical act of operating a motor vehicle.

"Such interpretation certainly does not strain or exaggerate a single word of the section, * * *"

In **Shepherd v. Shapiro Fisheries, Inc., et al., and six other cases,** 62 Abs 235, 99 N. E. 2d 512, the headnotes thereto read as follows:

"1. A non-resident corporation which is operating leased motor vehicles within the State of Ohio is an operator within the terms of §6308-1 GC.

"2. A non-resident corporation operating leased motor vehicles in the State of Ohio may, in the event of an accident, be served with process through the agency of the Secretary of State as provided by §6308-1 GC."

Judge Bader's opinion in the Shepherd case, supra, is concise and persuasive and reads in part as follows:

"The same motion to quash service of summons has been filed by the defendant in seven different cases against the Shapiro Fisheries, Inc. and the questions involved in all cases will be covered by this opinion.

"These cases came before the Court on the motion to quash the service of summons in the respective cases for the following reasons:

"1. That the defendant is not, never was and is not alleged to be the owner of the motor truck complained about in the petition herein;

"2. That the petition shows the physical control and management of the said motor truck was by a person not this defendant at the time and place complained about.

"3. That this Court was without jurisdiction to issue the pretended summons served upon defendant, and the pretended service and the return thereon are without warrant of law and of no effect.

"4. Plaintiff has not pleaded jurisdictional facts to authorize issuance to and service of summons on Secretary of State.

*　　　　*　　　　*　　　　*　　　　*

"The defendant, Shapiro Fisheries, Inc., is a corporation and does not own the truck but if it operated the truck and trailer in question by authority of lease or otherwise it must necessarily do so through its agents or employees. A corporation is a separate entity and can only act through its agents.

"Certainly it cannot be said that if the truck was operated by Shapiro Fisheries, Inc., or it had the same operated within the State of Ohio, it could not be held liable because it was a corporation. The Legislature of the State of Ohio did not intend that the agent of a corporation operating in the State of Ohio for Shapiro Fishers, Inc., because he was the person in actual physical control, could be the only one held responsible and relieve the responsibility of the employer or actual operator. The Legislature intended to effect service on nonresidents against whom injured persons had claims.

"Shapiro Fisheries, Inc. cannot be relieved of answering to the claims of the respective plaintiffs if it leased the truck from Walter Kniaz and operated the truck through its own agents and had exclusive control over the operation of both the agent and the tractor and trailer."

By reason of the decisions hereinabove cited by this Court, it cannot subscribe to the argument and contentions urged in said defendant's memorandum for quashing service upon Fleet Maintenance Company; and, since it does not appear that said defendant has raised or is seriously urging any other ground as the basis upon which its motion to quash service should be sustained, it therefore appears that defendant's aforesaid motion to quash service is not well made and should be overruled.

Counsel for plaintiff should prepare an appropriate entry in accordance herewith, noting exceptions on behalf of said defendant, Fleet Maintenance Company, and submit same to said defendant's counsel and to this Court for approval by on or before May 29, 1957.